UNITED STATES of America, Plaintiff–Appellee,

v.

Robert D. BALBOA, Defendant–Appellant.

No. 89–1262

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 25, 1990.

Randy Taylor, John H. Hagler, Dallas, Tex., for defendant-appellant.

James T. Jacks, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

On July 3, 1984 defendant Robert D. Balboa was convicted of two counts of failure to file federal income tax returns. He was placed on three years probation, and ordered to pay a fine of $10,000 and perform nine hundred hours community service. He did not timely satisfy these conditions of probation and it became necessary

to extend his probation. On July 13, 1987 Balboa waived his right to a hearing concerning the extension of his probation, and two days later the district court extended his probation for two years. On February 10, 1989 Balboa's probation officer filed a petition for probation action, alleging that Balboa had violated his probation by failing to file income tax returns for the years 1981 through 1987. After a hearing, the district court agreed and revoked Balboa's probation, sentencing him to one year incarceration on each count of his original conviction, to run consecutively. Balboa appeals, arguing that his waiver of a hearing on the extension of his probation was invalid and that the federal probation statute precludes revocation of his probation based on the dates these offenses occurred. We find that the federal probation statute was properly applied in this case and we need not reach the issue of the validity of the waiver. For that reason, we affirm.

## I

The defendant's argument relies on the dates of his violations, so a precise chronology of the facts is essential. Dr. Robert D. Balboa, D.D.S. was indicted on May 8, 1984 for three counts of failure to file federal personal income tax returns for the calendar years 1978, 1979, 1980, and one count of failing to file federal corporate income tax returns for calendar year 1980. Under a plea agreement with the government, he pled guilty to failing to file personal returns in 1979 and 1980, in violation of 26 U.S.C. § 7203. On July 31, 1984 Balboa was placed on three years probation and ordered to perform 900 hours of community service and pay a fine of $10,000.

Balboa's probation was thus scheduled to run from August 1, 1984 to August 1, 1987. By July 1987 Balboa had completed only 252 of his scheduled 900 hours of community service and had paid only $6,600 of his $10,000 fine. His probation officer discussed the possibility of extending his probation in order to complete his community

service and pay his fine, and Balboa agreed. He signed a form that stated:

I understand I have a right to a hearing on the petition and to prior notice of the date and time of the hearing. I understand that I have a right to the assistance of counsel at that hearing.

Understanding all of the above, I hereby waive the right to a hearing on the Probation Officer's petition, and to prior notice of such hearing.[1]

The probation officer then petitioned the district court to extend Balboa's probation for two more years and to reduce the community service required to 712 hours. The district court accordingly modified the probation as requested on July 15, 1987.

Later, in February 1989, the probation officer learned that Balboa had also failed to file individual income tax returns for calendar years 1981 through 1987. Proper filing of tax returns was a condition of Balboa's probation. On February 14, 1989 the probation officer filed a petition seeking a hearing to revoke the probation.

At the probation revocation hearing, the government argued that under the then applicable probation statute, 18 U.S.C. § 3653, the district court retained authority to revoke probation throughout the maximum allowable period of probation, which was five years. Section 3653 provided:

At any time within the probation period, or within the maximum probation period permitted by Section 3651 of this title [five years] the Court ... may issue a warrant for his arrest for violation of probation occurring during the probation period.

It asserted that it need only show a violation of probation that occurred during the probation period, which had initially been August 1, 1984 to August 1, 1987, but had been extended to August 1, 1989. It offered, as evidence of violations "occurring during the probation period," the testimony of an IRS officer who had questioned Balboa in November 1988 concerning his failure to file returns for the years 1981 through 1987. She explained that he ad-

1. Balboa had a statutory right to a hearing concerning the proposed modification of his proba- tion pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure.

mitted earning an income sufficiently high to require the filing of returns, but that he had not done so. The government argued that the failure to file tax returns is a continuing violation that occurs when returns are due and extends until they are filed, so that by April 15, 1988 Balboa had seven outstanding tax returns and had committed seven violations of his probation.

Balboa responded that most of the violations had not occurred during his probation period so could not be used to revoke probation. He rejected the "continuing violations" theory and contended that the first four years of outstanding returns, 1981 through 1984, could not be used to revoke probation because they had occurred prior to his being put on probation and were thus not violations "occurring during the probation period." He also argued that because his 1987 waiver of a probation modification hearing was invalid, his original term of probation ended on August 1, 1987. His failure to file a return for 1987, he claimed, was thus also not a violation "occurring during the probation period."

The district court found that Balboa had violated the terms of his probation. It held that Balboa's 1987 waiver was valid and that his probation had been validly extended. It adopted the government's "continuing violations" theory and concluded that all the tax violations had occurred during his probation. It also noted that Balboa's argument did not address the undeniable fact that even if his probation extension was invalid and the "continuing violations" theory were rejected, his failure to file returns in 1985 and 1986 occurred squarely within his original term of probation:

> I think it is undisputed that [Balboa] failed to file the returns for the last two or three years of 1985, 1986 and 1987, and that is sufficient to support a finding that he is in violation of his probation, provided that he had the necessary culpable mental state. I believe ... that the necessary mental state, which is willfulness ... has been demonstrated.

The court revoked Balboa's probation and sentenced him to one year's incarceration on each count, to run consecutively.

## II

Balboa makes two arguments on appeal. First, he contends that his 1987 extension of probation was invalid because his waiver of a hearing was invalid. He claims that his waiver was invalid because he did not also waive his right to the assistance of counsel, about which he was advised but was given no opportunity to exercise before signing the form. Second, he contends that his probation revocation was invalid because it did not comport with the requirements of the federal probation statute. This statute provides that probation may be revoked for a violation "occurring during the probation period." He claims that his failure to file tax returns before 1984 and after 1987 did not occur "during the probation period," so could not have been the basis for a valid revocation of probation. His brief on appeal does not address the effect of his failure to file returns in 1985 and 1986, which we find dispositive.

█ We need not address the extent of Balboa's right to a hearing or the assistance of counsel when he signed the form, however, because the record fully supports the basis on which the district court revoked probation. Even if the 1987 extension of probation were invalid, and his pre–1985 violations are ignored, his probation was properly revoked for 1985 and 1986 violations occurring "during the probation period." The evidence reasonably satisfied the judge that Balboa's conduct was not "as good as required by the conditions of [his] probation," *United States v. Francischine,* 512 F.2d 827, 829 (5th Cir.), *cert. denied* 423 U.S. 931, 96 S.Ct. 284, 46 L.Ed.2d 261 (1975); *United States v. Johns,* 625 F.2d 1175, 1176 (5th Cir.1980), and we certainly cannot say that Balboa presented "clear evidence that the district court abused its discretion by ordering the revocation." *United States v. Ramirez,* 675 F.2d 707, 709 (5th Cir.1982).

In concluding, we should note that although 18 U.S.C. § 3653 was repealed by the Sentencing Reform Act of 1984, that Act applied only to offenses that occurred after November 1, 1987. Since the revocation of probation under section 3653 was part of the sentencing procedure, *Smith v. United States,* 505 F.2d 893, 895 (5th Cir. 1974), for an offense which occurred before the effective date of the Sentencing Reform Act, the old provision continues to apply. S.Rep. No. 98–225, 98th Cong., 1st Sess. 189 (1983), U.S.Code Cong. & Admin. News 1984, pp. 3182, 3372 ("If a trial occurs or a sentence is imposed on or after the effective date for an offense committed before the effective date, the procedural and administrative provisions of the title will apply *except to the extent that such provisions are inconsistent with the preexisting law*") (emphasis added).

As the district court expressly found, Balboa violated his probation by failing to file tax returns for the calendar years 1985 and 1986. These returns were due April 15, 1986 and April 15, 1987. Because they occurred "during the period of probation," and because the district court could revoke probation anytime within five years of Balboa's initially being put on probation, these violations formed a proper basis for the revocation of probation under the then applicable provision of 18 U.S.C. § 3653.

### III

Because we find that the district court properly revoked probation within the five-year period provided for under 18 U.S.C. § 3653 for violations occurring during the period of probation, the judgment of the district court is

AFFIRMED.