UNITED STATES of America, Plaintiff–Appellee,

v.

Joe E. FRYAR, Defendant–Appellant.

No. 90–4293.

United States Court of Appeals, Fifth Circuit.

Dec. 18, 1990.

Donald J. Anzelmo (court-appointed), Crawford & Anzelmo, Monroe, La., for defendant-appellant.

William J. Flanagan, Asst. U.S. Atty., Joseph S. Cage, Jr., John P. Lydick, U.S. Attys., Shreveport, La., for plaintiff-appellee.

Before WISDOM, GEE, and HIGGINBOTHAM, Circuit Judges.

WISDOM, Circuit Judge:

This case presents us with the necessity of clarifying our position regarding the revocation of probation before the commencement of the probation term. Specifically, this opinion addresses the following question: May a district court revoke the probationary sentence of a defendant, who has begun serving his sentence, for misconduct that began subsequent to sentencing and was completed after the defendant had commenced service of his sentence but before the start of the probation term. We AFFIRM the district court and hold that, in situations where a defendant's misconduct could not also result in revocation of that defendant's parole, a court may revoke a defendant's probation for a violation of a probation condition which occurred subsequent to sentencing but before the start of the probation term, regardless of whether the defendant has commenced service of his sentence.

## BACKGROUND

On June 3, 1987, the United States charged Joe E. Fryar in an eight-count indictment in the United States District Court for the Western District of Louisiana. The indictment charged Fryar with various criminal activities relating to his alleged attempts to influence a jury in a federal civil action in which he was involved. After trial, the jury found Fryar guilty on all eight counts. On March 9, 1988 the trial court sentenced Fryar to an aggregate ten-year term of imprisonment, plus a five year period of probation (instead of an additional five year term, suspended) to commence at the termination of his confinement.

Fryar appealed his conviction, and the district court, on April 15, 1988, released him on bond pending the disposition of the appeal. On March 1, 1989, this Court affirmed Fryar's conviction.[1] The district court then ordered that Fryar's bond be rescinded, and he was taken into custody on March 28, 1989.

On October 30, 1989, Fryar pleaded guilty to two charges contained in a separate superseding indictment filed in the United States District Court for the Eastern District of Louisiana. The charges to which Fryar pleaded guilty were conspir-

---

1. *See United States v. Fryar,* 867 F.2d 850 (5th     Cir.1989).

acy to launder money from January 7, 1989 to April 13, 1989 and failure to file a Currency Transaction Report with the Internal Revenue Service on January 26, 1989. Fryar was sentenced to fifty-one months imprisonment to run consecutively to the sentence imposed by the Western District of Louisiana.

On March 5, 1990, the probation office filed a motion to revoke Fryar's probation based upon the activities recounted in the Eastern District indictment and Fryar's plea of guilty to two of those charges. On April 12, 1990, following a hearing, the district court revoked Fryar's probationary sentence and ordered him to serve a three-year sentence, to run consecutively to the ten-year sentence previously imposed in the Western District of Louisiana and consecutively to the fifty-one-month sentence imposed in the Eastern District of Louisiana. A judgment was entered consistent with that ruling, and Fryar timely appealed.

## DISCUSSION

### A. *Revocation of probation.*

Fryar argues that the district court lacked jurisdiction to revoke his probation on the basis of an offense committed after sentencing but before the probationary term commenced. The court's jurisdiction to issue probation instead of a sentence of imprisonment, and its power to revoke or modify a probationary term, are provided for in 18 U.S.C. §§ 3651, 3653 (1982).[2] In relevant part, these statutes provide as follows:

*Suspension of sentence and probation*
Upon entering judgment of conviction of any offense ..., any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served

thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such a period and upon such terms and conditions as the court deems best.... The court may revoke or modify any condition of probation, or may change the period of probation. The period of probation, together with any extension thereof, shall not exceed five years....
18 U.S.C. § 3651.

*Report of probation officer and arrest of probationer*
At any time within the probation period, [the probationer may be arrested, either by the probation officer, with cause, or by the United States marshal, with a warrant.] ... As speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.
18 U.S.C. § 3653.

■ Fryar argues that a literal reading of 18 U.S.C. § 3653 deprives the district court of jurisdiction to revoke his probation for an offense committed prior to the start of his probation term. This Court rejected that argument in *United States v. Ross*, 503 F.2d 940 (5th Cir.1974), stating that although this literalist argument "has a certain superficial, if semantic appeal," *id.* at 943, nevertheless, "[s]ound policy requires that courts should be able to revoke probation for a defendant's offense committed before the sentence commences; an immediate return to criminal activity is more reprehensible than one which occurs at a later date." This Court has adhered to this interpretation of § 3653[3] and other

---

**2.** Sections 3651 and 3653 were repealed by the Comprehensive Crime Control Act of 1984, Pub.L. 98–473, § 235(a)(1), 98 Stat. 1976, 2031, *as amended by* Pub.L. 99–217, § 4, 99 Stat. 1728, effective November 1, 1987, and replaced by 18 U.S.C. §§ 3561–3566 (1988). Since Fryar's offense took place prior to the effective date of the new statute, the former statutory provisions apply.

**3.** *See United States v. Dozier*, 707 F.2d 862 (5th Cir.1983); *United States v. Tucker*, 524 F.2d 77 (5th Cir.1975), *cert. denied*, 424 U.S. 966, 96 S.Ct. 1462, 47 L.Ed.2d 733 (1976); *United States v. Cartwright*, 696 F.2d 344 (5th Cir.1983).

circuits have adopted the same conclusion.[4]

In this circuit, the Court has since expanded upon the holding in *Ross*. *Ross* involved a defendant who had committed the misconduct for which his probation was revoked before the imposition of his sentence. Thus, a concern of the *Ross* court was the fraud-at-sentencing problem, the theory that probation would never have been granted had the court been fully aware of the defendant's conduct at the time of sentencing. Later Fifth Circuit decisions have held that a defendant's probation may be revoked before the commencement of the probation period in factual situations where the misconduct that formed the basis of the revocation occurred after the initial sentencing, thus expanding *Ross* to encompass cases, like Fryar's, that were not concerned with the fraud-at-sentencing problem. *See United States v. Cartwright*, 696 F.2d 344 (5th Cir.1983); *United States v. Tucker*, 524 F.2d 77 (5th Cir.1975), *cert. denied*, 424 U.S. 966, 96 S.Ct. 1462, 47 L.Ed.2d 733 (1976).

In *Tucker*, this Court upheld the revocation of a defendant's probation for engaging in illegal activities during the pendency of his appeal even though the defendant had already commenced service of his sentence at the time of his revocation. The factual scenario in *Tucker* is almost identical with that in Fryar's case, except that the conduct on which probation revocation was based in *Tucker* was completed before the defendant's incarceration, whereas Fryar's misconduct was not completed until he had commenced service of his sentence.[5] In Fryar's situation, a probation revocation hearing could not have taken place before the defendant began serving his sentence because the misconduct was not completed until that time. We find that situations such as Fryar's support a holding that probation can be revoked where the defendant

has commenced service of his sentence even more so than the situation in *Tucker*.

Fryar attempts to show that his case is an exception to *Ross*, in the mold of the exception carved out by this Court in *United States v. Wright*, 744 F.2d 1127 (5th Cir.1984). *Wright* concerned a defendant who had been sentenced on two counts; under the first count he was sentenced to a term of imprisonment and on the second count he was given probation, to commence upon completion of the prison term. After being released on parole from the first sentence, Wright committed a state law offense, and he was sentenced to imprisonment in the state penitentiary. On the basis that Wright had violated the condition of his probation, which required that he "refrain from violation of any law (federal, state, and local)", the district court also revoked his probation. Thus, the identical conduct that could have been used to revoke Wright's parole was used to revoke his probation, even though his probationary term had not yet commenced.

Wright argued that revocation of his probation based on conduct occurring two years before the commencement of a five-year probationary term amounted to an extension of the period of probation beyond the five-year maximum permitted by 18 U.S.C. § 3651. *See Wright*, 744 F.2d at 1129. This Court in *Wright* noted the same distinction Fryar makes, that *Ross* and most of the cases that have subsequently adopted its holding were cases in which "the illegal act committed occurred before the commencement of service by the defendant of any sentence imposed at the time the probationary sentence was imposed." *Id.* at 1130. The Court stated that the rationale for these decisions was in the nature of the fraud-at-sentencing concept. *Id.* at 1131. The *Wright* court refused to extend *Ross* to hold that "it is within the discretion of a sentencing court

---

4. *See United States v. Veatch*, 792 F.2d 48, (3rd Cir.), cert. denied, 479 U.S. 933, 107 S.Ct. 407, 93 L.Ed.2d 359 (1986); *U.S. v. Camarata*, 828 F.2d 974 (3rd Cir.1987); *United States v. Yancey*, 827 F.2d 83 (7th Cir.1987); *United States v. Daly*, 839 F.2d 598 (9th Cir.1988); *United States v. Johnson*, 892 F.2d 369 (4th Cir.1989).

5. Fryar's probation was also revoked on the basis of his guilty plea to the charge of failing to file a currency transaction report with the I.R.S. on January 26, 1989. This offense occurred after Fryar had already been sentenced but before he began serving his sentence. Thus, Fryar's case, in part, does fit the *Ross* pattern.

to revoke probation, for an act committed before the probationary period, for an act committed while a convicted person is on parole from another sentence before his consecutive probationary term commences." 744 F.2d at 1130.

■ Fryar asks this Court to interpret *Wright* as holding that even if the district court could revoke probation for misconduct which occurred before the commencement of his probation term, the court lost that authority once he began serving his sentence. We do not find that the decision in *Wright* extends this far.

The *Wright* court relied on *Affronti v. United States*, 350 U.S. 79, 76 S.Ct. 171, 100 L.Ed. 62 (1955), which held that a district court could not suspend service of any of a series of consecutive sentences and grant probation once a defendant has begun to serve a period of incarceration. In *Affronti*, the Supreme Court was addressing a district court's power to suspend sentence and grant probation once a defendant had begun to serve the first of a series of cumulative sentences. *Affronti* limited a court's ability to mitigate sentences after incarceration had begun, because at that time a prisoner becomes subject to the executive's parole and clemency powers. The Court stated that it was "unlikely that Congress would have found it wise to make probation apply in such a way as to overlap the parole and executive-clemency provisions of the law." 350 U.S. at 83, 76 S.Ct. at 173–74.

■ The overarching concern in *Wright* was with the overlap in the probation and parole provisions of federal law, an issue not involved in either Fryar's case or *Ross* and the cases that followed *Ross*'s holding. Probation revocation is a judicial function while parole revocation is an executive function. *See United States v. Camarata*, 828 F.2d at 978. To prevent overlap between the judicial and executive spheres of power, *Wright* held that when a court has imposed a probationary sentence consecutive to another sentence, the court lacks power to revoke probation for a violation of a condition that occurred before the probationary term commenced but while the de-

fendant was on parole from a prior sentence. Since Fryar was not on parole at the time he committed the misconduct that resulted in his probation revocation, we find that the *Wright* holding is inapplicable to Fryar's case.

Fryar points out that as well as being concerned with the overlap between the probation and parole provisions, the *Wright* court was concerned that revocation of probation based on conduct occurring before the commencement of a probationary term could extend the probation period beyond the five year maximum permitted by 18 U.S.C. § 3651. This concern was also raised in a thoughtful concurring opinion by Judge Garwood in *United States v. Dozier*. Judge Garwood expressed his concern as follows:

My concern is grounded on the provision of 18 U.S.C. § 3651 that '[t]he period of probation, together with any extension thereof, shall not exceed five years.' At the very least this would appear to mean that five years is the maximum length of any period during which the conduct of a probationer may subject him to revocation of the probation (as opposed to re-sentencing for fraud at sentencing). Surely the quoted provision of section 3651 prevents a sentence imposing a period of probation which is *expressly* stated to *commence the day of sentencing* and to thereafter continue either for six years after the occurrence of some ascertainable future time or event, such as the probationer's completion of a given number of hours of public service or the like. Yet virtually the same result is achieved *de facto* in a case like that at bar, where the sentence imposes probation for a period commencing with a future event (release from prison) and ending five years after that event, and revocation is based not on 'fraud at sentencing' but solely on conduct occurring before commencement of the stated five-year probation period and after the sentencing. Our prior decisions ... sanction such a result. However, they are principally focused on the issue of revocation for conduct prior to the commencement of the probationary

period, *whatever* its stated (or effective) duration, rather than on the issue posed by the effective lengthening of the probation period beyond the statutory five-year maximum.

*Dozier,* 707 F.2d at 865–66 (emphasis in original).

■ The concerns expressed by the *Wright* court and Judge Garwood's concurrence in *Dozier* have since been answered by an amendment to the Probation Act, enacted by the Comprehensive Crime Control Act of 1984, which explicitly states that if a "defendant violates a condition of probation *at any time* prior to the expiration or termination of the term of probation," the court may revoke probation. 18 U.S.C. § 3565 (emphasis added). Under this statute, the ability of a court to revoke probation for a pre-probation offense is without doubt. Although this statute did not become effective until November 1, 1987, it is evidence of what Congress intended under the previous statute, § 3653, which was unclear on this point. We agree with the other circuits which have addressed this question that the amendment was intended to clarify, rather than to change, existing law.[6]

■ Furthermore, the new legislation enacted the same requirement that the term of probation should not last more than five years. *See* 18 U.S.C. § 3565. Under the new statute, Congress did not find it inconsistent to limit the term of probation to five years, while allowing revocation at any time before the term of probation expired. *See Yancey,* 827 F.2d at 88. The guidance of the Probation Act and subsequent Congressional action compel us to find that the former Probation Act should be interpreted as allowing a court to revoke probation for a pre-probation offense at any time before the commencement of the probation period, unless the offense occurred while the defendant was on parole in which case *Wright* requires otherwise.

*Wright* implicitly acknowledges that there is no need to limit revocation to the time period before the defendant commences service of his sentence in situations where there is no overlap with the parole provisions by its reference to *United States v. Tucker,* with which the court in *Wright* did not express disagreement. *See also United States v. Daly,* 839 F.2d at 601–02 (a probation restriction "applies as readily while [the defendant] serves the jail portion of his sentence as while he is at liberty", citing *United States v. Levitt,* 799 F.2d 505, 507 (9th Cir.1986)).

Moreover, policy concerns support this holding. A broad reading of §§ 3651 and 3653 is necessary to effectuate the purposes and goals of the Probation Act. The purposes of the Probation Act were expressed by the Supreme Court in *Roberts v. United States,* 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41 (1943). The Court stated that the primary purpose of probation is to afford an offender an opportunity for rehabilitation:

> [W]ithout institutional confinement under the tutelage of a probation official and under the continuing power of the court to impose institutional punishment for his original offense in the event that he abuse this opportunity. To accomplish this basic purpose Congress vested wide discretion in the courts.

320 U.S. at 272, 64 S.Ct. at 117.

The power of the court to revoke probation is an additional incentive for rehabilitation.[7] In addition, the power to revoke probation "permits the correction of a sentence based on an erroneous assumption that defendant would likely benefit from leniency." *Veatch,* 792 F.2d at 52. A sentencing court needs to be able to revoke probation when a defendant's "display of recidivous tendencies demonstrates that he is unworthy of the opportunity for rehabilitation." *Id.* There is no reason for restricting a court's ability to revoke probation for a display of recidivous tendencies to the time period before the beginning of

---

6. *See United States v. Daly,* 839 F.2d at 601; *United States v. Yancey,* 827 F.2d at 87–88. *See also United States v. Veatch,* 792 F.2d at 51.

7. *See Yancey,* 827 F.2d at 87.

the defendant's incarceration. A court must be able to revoke probation "when the convicted defendant's display of recidivous tendencies does not occur until the defendant is in custody.... [Otherwise,] we would provide incarcerated defendants with a grace period in which their activity, no matter how heinous, could not affect their probationary release into society. It is unlikely that Congress, which authorized probation, intended to deprive the original sentencing court of its continuing authority over the probationary sentence." *Camarata*, 828 F.2d at 980.

Accordingly, we reaffirm this Court's holding in *United States v. Ross* and extend it to allow revocation of probation for violation of a probation condition when that violation occurred after sentencing but before the commencement of the probation term, regardless of whether the defendant has begun serving his term of incarceration. We find that *Wright* is an exception to the *Ross* rationale which holds that the act which forms the basis for a probation revocation cannot be one that occurred while the defendant was on parole from a sentence on another count. Since Fryar was not on parole, the considerations involved in *Wright* do not apply to him and the *Wright* holding is not applicable to his case. Accordingly, we AFFIRM the district court's revocation of Fryar's parole.

B. *The district court did not abuse its discretion by revoking Fryar's probation as a result of his subsequent conviction.*

■ Fryar next contends that even if the district court had the power to revoke his probation on the basis of conduct occurring before the commencement of the probation term, the district court abused its discretion in taking this action and in substituting for probation a three-year prison term. Fryar argues that the district court was obligated to take into consideration sentencing factors found in 18 U.S.C. § 3553(a) (1988). This statute, however, applies only to offenses committed after November 1, 1987. In this case, the district court's discretion was guided by 18 U.S.C. § 3653 (1982) (excerpted above).

"To secure a reversal of a revocation order, a probationer must present clear evidence that the district court abused its discretion by ordering the revocation." *United States v. Ramirez*, 675 F.2d 707, 709 (5th Cir.1982). Fryar's argument finds no support in the record. Fryar engaged in criminal conduct shortly after being released on bond pending appeal of his initial conviction. The district court revoked his five-year term of probation and reinstated the suspended sentence of imprisonment, reducing it from five to three years. Under the applicable statute, 18 U.S.C. § 3653, after revoking probation, the district court had power to require Fryar "to serve the sentence imposed, or any lesser sentence." In fact, because the original sentence was suspended, the court could have imposed "any sentence which might originally have been imposed." *Id.* Given the wide discretion of the district court and the absence of facts tending to prove that it in any way abused that power, this element of Fryar's appeal must also fail.

C. *Imposition of consecutive sentences.*

■ During oral argument, counsel for Fryar raised the issue of whether Fryar's sentence should have been imposed to run consecutively to the sentence in the Western District of Louisiana rather than consecutively to the sentence in the Eastern District of Louisiana. Because this issue was not raised in the court below or in the parties' briefs, we cannot address it. This Court does not consider issues not raised in the trial court "except where our failure to do so would lead to grave injustice." *Masat v. United States*, 745 F.2d 985, 988 (5th Cir.1984). We find no such injustice here and are confident that any error is minor and will be corrected by the district court.

We AFFIRM.