IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 92-3486

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MICHAEL ALAN KING,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Eastern District of Louisiana
_____

(April 22, 1993)

Before JOHNSON, SMITH, and EMILIO M. GARZA, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Michael Alan King appeals the district court's order revoking his sentence of probation and sentencing him to five years' imprisonment. The district court determined that King had committed violations of probation terms and conditions while serving a parole term for a prior offense. Finding no error, we affirm.


I.

In April and May 1985, King robbed five banks and pleaded guilty to a superseding bill of information charging five counts of bank robbery. On August 7, 1985, the district court sentenced King to a term of eight years' imprisonment for each of counts one

through four, the sentences to run concurrently. The court suspended King's sentence on count five and placed him on "active probation for a period of five (5) years, to commence upon defendant's release from custody."

On September 18, 1990, King was released on parole from federal prison in Alabama and thereafter reported to his probation officer. In February 1991, King changed his residence and failed to submit a monthly supervision report, in violation of the terms and conditions of his probation. The government filed a rule to revoke King's probation. On May 1, 1991, a Florida grand jury returned a seven count indictment charging King with bank robbery. Accordingly, the United States amended its rule to revoke, in order to incorporate King's additional violation.

The district court held a hearing and found that King had violated the terms and conditions of his probation, as alleged in the government's rule to revoke. The court revoked King's sentence of probation on count five of the original indictment and sentenced him to five years' imprisonment. King appeals, arguing that because his term of probation had not commenced when he committed the violation, the district court improperly revoked his probation under United States v. Wright, 744 F.2d 1127 (5th Cir. 1984).

II.

The threshold question is whether King's term of probation had commenced when he was released on parole. King contends that

his period of probation could not have begun before termination of his parole. He asserts that he could not have completed his first sentence until his parole term had expired and that when a court imposes a probationary term "consecutively to any other sentences," probation does not begin until expiration of the first sentence.

In <u>Sanford v. King</u>, 136 F.2d 106, 108 (5th Cir. 1943), this court stated that "[t]he controlling consideration [in interpreting when a probation period commences] is the intention of the Court imposing the sentence, to be found in the language employed to create the probationary status."[1] The district judge's Judgment and Probation/Commitment Order issued in the instant case provides as follows:

> The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of eight (8) years as to each of counts 1 through 4. Sentences imposed on counts 2, 3, and 4 are to run concurrently with sentence imposed on count 1. Imposition of sentence is suspended on count 5 and the defendant is placed on active probation for a period of five (5) years, to commence upon defendant's release from custody.

The order contains no language indicating that "defendant's release from custody" means anything other than the defendant's

---

[1] Title 18 U.S.C. § 3564 provides for concurrent terms of probation and parole. "A term of probation commences on the day that the sentence of probation is imposed, unless otherwise ordered by the court." 18 U.S.C. § 3564(a)(1985). "A term of probation runs concurrently with any Federal, State, or local term of probation, or supervised release, or parole for another offense to which the defendant is subject or becomes subject during the term of probation . . . ." 18 U.S.C. § 3564(b) (1985 & Supp. 1992) (effective Nov. 1, 1987). This subsection does not apply in this case, however, because King committed his offense prior to its effective date.

release from physical custody in federal prison. The court did not use any language indicating that the term of probation would run consecutively to the concurrent prison sentences on counts one through four. Additionally, when the district judge reviewed the order at the revocation hearing, he stated that the order "could not be clearer" in its direction that the term of probation commence when King was released from prison on parole.

The plain language of the order, taken together with the court's comments at the hearing, indicates that the intention of the sentencing court was that the term of probation commence on September 18, 1990, when King was released from prison on parole.[2] Therefore, we find no error in the district court's determination that King was on probation when he committed the violations alleged in the rule to revoke.

# III.

Title 18 U.S.C. § 3651 states that "[t]he court may revoke or modify any condition of probation, or may change the period of probation." 18 U.S.C. § 3651 (1985). Section 3653 provides in pertinent part,

---

[2] King asserts that a prisoner released on parole remains in the custody of the Attorney General until the parole term has expired. See 18 U.S.C. § 4210(a). He contends that, therefore, he was not released from "custody" when he was released from prison, as the district court contemplated that term in its probation order. King's reliance upon this provision is misplaced. Courts have distinguished actual custody from the constructive custody under which a defendant is placed while on parole status. See Zerbst v. Kidwell, 304 U.S. 359, 361 (1938); United States v. Harrison, 461 F.2d 1127, 1130 (5th Cir.), cert. denied, 409 U.S. 884 (1972). We need not reach this issue, however, as sufficient evidence of the sentencing court's intent exists in the plain language of the order and in the court's comments at the revocation hearing. Once we have determined the sentencing court's intent, we need look no further.

> At any time within the probation period, [the probationer may be arrested, either by the probation officer, with cause, or by the United States marshal, with a warrant]. . . .
>
> As speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.

18 U.S.C. § 3653 (1985).[3]

We review the district court's revocation of King's probation under an abuse of discretion standard. United States v. Fryar, 920 F.2d 252, 258 (5th Cir. 1990) ("To secure a reversal of a revocation order, a probationer must present clear evidence that the district court abused its discretion by ordering the revocation.") (quoting United States v. Ramirez, 675 F.2d 707, 709 (5th Cir. 1982)), cert. denied, 111 S. Ct. 1635 (1991). King argues that the revocation of his probation was improper under United States v. Wright, 744 F.2d 1127 (5th Cir. 1984).

In Affronti v. United States, 350 U.S. 79 (1955), the Court considered whether a district court has the power to suspend sentence and place a defendant on probation after he has begun to serve a cumulative prison sentence composed of two or more

---

[3] Sections 3651 and 3653 were repealed by the Comprehensive Crime Control Act of 1984, effective November 1, 1987, and replaced by 18 U.S.C. §§ 3561-3566 (1988). Because King committed his offense prior to the effective date of the new statute, the former statutory provisions apply. See United States v. Balboa, 893 F.2d 703, 706 (5th Cir. 1990) (stating that since revocation of probation under § 3653 was part of sentencing procedure for offense that occurred before effective date of new statute, old provision continues to apply).

consecutive sentences. Concluding that "the probationary power ceases with respect to all of the sentences composing a single cumulative sentence immediately upon imprisonment for any part of the cumulative sentence," id. at 83, the Court commented upon the relationship between the power of the courts to place a defendant on probation and the clemency and parole powers vested in the executive branch.

Citing United States v. Murray, 275 U.S. 347 (1928), holding that a district court has no power under the Probation Act to place a defendant on probation after he has begun execution of a single general sentence, the Court in Affronti stated that "in view of the existence of provisions for parole and executive clemency, it would seem unlikely that Congress would have intended to make the probation provisions applicable during the same period of time." 350 U.S. at 81 (citing Murray, 275 U.S. at 356). Pointing out that "it is unlikely that Congress would have found it wise to make probation apply in such a way as to unnecessarily overlap the parole and executive-clemency provisions of the law," id. at 83, the Court therefore chose to "adhere to the Murray interpretation to avoid interference with the parole and clemency powers vested in the Executive Branch." Id. The Court concluded that "the provisions for probation should be interpreted to avoid, so far as possible, duplicating other existing provisions for the mitigation of criminal sentences." Id. at 84.

In Wright, we echoed the Supreme Court's concern about unnecessary overlap between the probation and parole powers.

6

There, the district court had sentenced the defendant to five years' imprisonment on the first count of a two-count indictment and had suspended sentence on count two and placed Wright on probation for a period of five years. The district court specifically provided that count two was "to run consecutive to the sentence as to Count 1." 744 F.2d at 1128. During his parole from the sentence of imprisonment on the first count, Wright committed a violation of a parole condition by committing a state offense for which he was sentenced to imprisonment in the state penitentiary. The government sought to have his probation revoked based upon the same conduct, which also constituted a violation of a probation condition.

On appeal, we considered whether the district court was authorized to revoke the probation for a violation of a probation condition that had occurred while Wright was on parole from the sentence of imprisonment on the first count but before the consecutive period of probation had commenced. We recognized that in a series of cases beginning with United States v. Ross, 503 F.2d 940 (5th Cir. 1974), we had held that a district court may revoke probation when a defendant commits an illegal act prior his commencement of service of any sentence imposed at the time the probationary sentence was imposed. Wright, however, had committed the violation of a probation condition while on parole from his first sentence.

Relying upon Affronti, we observed that overlap certainly would occur if the same pre-probation violation could serve to

7

revoke parole on a prior sentence and to revoke the uncommenced probation on a consecutive sentence. 744 F.2d at 1131. We held that once Wright had commenced serving the prior sentence, the district court had no authority to revoke the probation on the second count for a violation that had occurred before he had begun serving his probationary sentence.

Because we observe that King was serving his parole and probation terms concurrently at the time he committed the violations, we conclude that the district court properly exercised its authority in revoking King's probation. In <u>Fryar</u>, we reaffirmed the holding in <u>Ross</u> and extended that holding to allow revocation of probation for violation of a probation condition when the violation occurred after sentencing but before the commencement of the probation term, regardless of whether the defendant had begun serving his term of incarceration.[4]

No issue of overlap between parole and probation was involved in <u>Fryar</u>, and we observed that the <u>Wright</u> holding therefore was

---

[4] Title 18 U.S.C. § 3565, enacted by the Comprehensive Crime Control Act of 1984, <u>see</u> <u>supra</u> note 3, provides in pertinent part,

> (a) Continuation or revocation. )) If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure . . .

> * * *

> (2) revoke the sentence of probation and impose any other sentence that was available under subchapter A at the time of the initial sentencing.

18 U.S.C. § 3565 (1988). The court in <u>Fryar</u> agreed with other circuits that this amendment was intended to clarify, rather than change, existing law. The court therefore considered the amendment as evidence of what Congress intended under the previous statute, § 3653, which controlled in <u>Fryar</u> and in the case before us.

inapplicable. We commented, however, upon the policy considerations underlying <u>Wright</u> and concluded that "<u>Wright</u> is an exception to the <u>Ross</u> rationale which holds that the act which forms the basis for a probation revocation cannot be one that occurred while the defendant was on parole from a sentence on another count." 920 F.2d at 258.

In King's case, the same misconduct relied upon by the government in its rule to revoke probation also constituted a parole violation. Although King's case appears to fit within the <u>Fryar</u> court's description of the holding in <u>Wright</u>, that description is not complete, as the court in <u>Wright</u> emphasized that the conduct relied upon by the district court in that case could not be used to revoke an <u>uncommenced</u> probation.

The proper focus here is on the power and authority of the district court, not on the conduct that constitutes the parole and/or probation violations. In <u>Wright</u>, relying upon the <u>Affronti</u> Court's rationale, we observed that the district court's power to revoke probation may interfere with the parole powers of the executive branch if the district court sought to exercise its power to revoke probation before the probation period had commenced. No question arises, however, about the district court's power to revoke probation once a defendant has begun his probationary term.[5]

---

[5] Moreover, even if the focus here were on the same conduct constituting both parole and probation violations, the overlap concerns of the <u>Affronti</u> Court are not implicated. In <u>Affronti</u>, a jury found the defendant guilty on counts two through ten of a ten-count indictment charging him with illegal sales of narcotics. The court imposed a five-year prison sentence on each count, to be served consecutively. At sentencing, the court suspended

IV.

The district court intended King's probation to commence on September 18, 1990, when he was released from custody. Because King's term of probation had commenced when he committed violations of probation terms and conditions, the district court properly exercised its authority in revoking his probation. The order appealed from is AFFIRMED.

---

sentence on counts six through ten and granted probation to commence at the expiration of the sentences on counts two through five. While serving his sentence on count two, the prisoner sought suspension of sentence and probation on counts three, four, and five.

The Court therefore was concerned about the effect that suspension of the three consecutive sentences would have on the parole and clemency powers of the executive branch. The Court addressed the overlap created by suspension of a prison sentence once service of the first of several consecutive sentences had begun, and the conflict that would be created by the executive and judicial branches' working at cross-purposes. King's argument that overlapping conduct, or indeed, overlapping terms of probation and parole, bring the Affronti Court's reasoning into play misses the mark, as the district court's revocation of King's probation in no way interferes with the parole power of the executive branch.