**Arthur TARBELL, Appellant,**

v.

**STATE of Alaska, Appellee.**

**Nos. A–4620, A–4631.**

Court of Appeals of Alaska.

Oct. 22, 1993.

Ted Stepovich, Stepovich, Kennelly and Stepovich, P.C., Anchorage, for appellant.

John A. Scukanec, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

COATS, Judge.

Arthur Tarbell was convicted of misconduct involving a controlled substance in the third degree, a class B felony. On October 29, 1985, Judge James A. Hanson sentenced Tarbell to four years imprisonment with two years suspended. Judge Hanson placed Tarbell on probation. The judgment reads:

> IT IS ORDERED that after serving any term of incarceration imposed, the defendant is placed on probation under the following conditions:
>
> *General condition of probation.*
>
> 1. Report to the Department of Corrections Probation Office on the next business day following the date of sentencing, or, if time is to be served prior to probation, report to the Department of Corrections Probation Office on the next business day following release from an institution.

The court imposed several other conditions. The judgment provides that "the probation hereby ordered expires five (5) years following your release from incarceration."

Tarbell was paroled on December 30, 1986; his parole ended on October 29, 1987. On January 13, 1992, Tarbell's probation officer, accompanied by police officers, searched Tarbell's home. The probation officer did not have a warrant; he relied on one of the special conditions of Tarbell's probation which required him to submit to searches of his residence by a probation officer.[1] The law enforcement authorities found marijuana in Tarbell's home. Tarbell's urine tested positive for the presence of marijuana in his body. Based on this evidence, the state petitioned to revoke Tarbell's probation.

Tarbell moved to dismiss the petition to revoke his probation, arguing that his probation expired on December 30, 1991. Tarbell argued that the judgment in his case provided that his probation would expire "five years following ... release from incarceration." Tarbell argued that since he was released from prison on December 30, 1986, his probation expired five years from

1. The validity of this probation condition is not at issue in this appeal.

that date on December 30, 1991 before the date of the search of his residence.

The state opposed Tarbell's motion to dismiss, contending that Tarbell's probationary period began when he was released from parole supervision on October 29, 1987, and that, under the judgment, Tarbell was still on probation until five years from that date.

Superior Court Judge Charles K. Cranston denied Tarbell's motion to dismiss. Judge Cranston found that Tarbell had violated his probation and ordered Tarbell to complete a substance abuse program. Judge Cranston did not impose any of the jail time which had previously been suspended. Tarbell appeals from Judge Cranston's order denying his motion to dismiss. We reverse Judge Cranston's decision.[2]

On appeal, Tarbell repeats his contention that he was not on probation when the authorities searched his residence. He points out that he was released on parole December 30, 1986. He points out that the plain language of the judgment indicated that his probation would end "five years following your release from incarceration." He contends that therefore his probation expired five years from his release on parole and before the search of his residence.

The state relies on former AS 33.20.-040(c) which provides:

If a prisoner's sentence includes a residual period of probation, a prisoner released under AS 33.20.030 shall immediately begin serving the residual probationary period, except that **if mandatory parole is required under (a) of this section, serving the probationary period shall immediately follow discharge from parole.**

AS 33.20.040(c) in its amended form presently provides:

If a prisoner's sentence includes a residual period of probation, the probationary period shall run concurrently with a period of mandatory parole for that sentence and the prisoner shall be under the concurrent jurisdiction of the court and the parole board.

The state points out that because Tarbell's sentence exceeded 181 days, he was subject to mandatory parole. Former AS 33.16.010 and former AS 33.20.040(a). The state argues that under former AS 33.20.040(c) Tarbell's probation could not begin until he was discharged from parole.[3] The state's argument appears to be that former AS 33.20.040(c) totally forbids having a prisoner who is potentially subject to release on mandatory parole from being on probation at the same time that he is on parole release. We think that the statute is far from clear and the state has not presented us with any policy argument which would support that interpretation of the statute. The current statute appears contrary to the state's position as it provides for probation and mandatory parole to run concurrently.

We have found two federal cases which support strictly interpreting a court's judgment concerning when probation begins. These cases also support allowing a defendant to serve probation and parole concurrently. In *United States v. King*, 990 F.2d 190 (5th Cir.1993), King was convicted on charges of bank robbery. The district court sentenced King to a term of imprisonment, suspended his sentence on one count, and placed him on "active probation for a period of five (5) years to commence upon defendant's release from custody." King was released on parole and reported to his

---

**2.** Tarbell also was charged with possession of marijuana and entered a *Cooksey* plea to the offense, preserving his right to argue that the search of his residence was illegal since the search was based on his parole status. Our decision that the search was illegal applies to this conviction, which is also reversed.

**3.** In *Gant v. State*, 654 P.2d 1325, 1326 (Alaska App.1982) the state took the opposite position. The state contended that a defendant who was on parole release was concurrently on probation. We found it unnecessary to decide whether Gant was technically on probation. However, there is no indication that AS 33.20.040(c) was considered in that case.

probation officer. King violated a condition of his probation and the government moved to revoke probation. The court revoked King's probation and imposed sentence.

King appealed, arguing that because he was on parole his probation had not yet begun and the district court could not, therefore, revoke his probation. The appellate court reasoned that the question of when a defendant's probation begins turns on the intent of the trial court. The court concluded that the intention of the trial court would be determined by focusing on the language which the trial court used to create the probationary status. The circuit court stated:

> The order contained no language indicating that "defendant's release from custody" means anything other than the defendant's release from physical custody in federal prison.

*Id.* at 192. The circuit court held that the district court did not err in determining that King was on probation as soon as he left prison.

Likewise, in *United States v. Laughlin,* 933 F.2d 786 (9th Cir.1991), the court used reasoning similar to that in *King* to reach a similar result. The court stated:

> A defendant may simultaneously be on parole and probation. There is nothing inherently inconsistent about the two custodial formats. They constitute two separate punishments for two separate crimes. They may be served concurrently as readily as a jail term and probation can be simultaneously served.

*Id.* at 789.

We find it unnecessary to interpret former AS 33.20.040(c). Judge Hanson's order stated that Tarbell's probation would expire "five years following your release from incarceration."[4] From the teaching of the federal cases which we have previously discussed, we conclude that we should interpret the judgment in this case in light of Judge Hanson's original intent as it is expressed in the judgment. The judgment clearly states that Tarbell's probation is to expire five years after Tarbell is released from incarceration. Following the federal courts, it appears to us that the only possible interpretation of this language is that Tarbell's probation was to expire five years after his release from prison.

We fail to see how former AS 33.20.-040(c) should operate to extend Tarbell's probation and override the judge's written statement declaring when Tarbell's probation should end. We see no reason why Tarbell should not have been entitled to rely on this clear language. It is the essence of fairness that prisoners be able to rely upon unequivocal court orders informing them when their probationary periods end. We agree with Tarbell that his probation ended five years from December 30, 1986. We accordingly hold that the superior court erred in revoking Tarbell's probation based on an incident which occurred on January 13, 1992, after his probation had expired.

The judgment revoking Tarbell's probation is REVERSED.

MANNHEIMER, Judge, concurring.

I concur in the decision of this case for reasons slightly different from the majority's. I believe that the legislature has the authority to declare whether a period of probation imposed by a sentencing court

---

**4.** The state has not contended that anything in Judge Hanson's oral remarks at sentencing should affect our interpretation of the written judgment. We supplemented the record with a tape recording of Judge Hanson's sentencing remarks. In his oral remarks, it appears that although Judge Hanson imposed a sentence of four years with two years suspended, he did not specify a particular probationary period. He did refer to certain conditions proposed by the probation officer which we do not have. Since the parties to this appeal appear to have agreed that the written judgment controls this matter, we have resolved this matter based upon the written judgment.

will run concurrently with or consecutively to a prisoner's parole. The legislature has exercised that authority in AS 33.20.040(c). This statute presently states that probation runs concurrently with mandatory parole. Under the limited retroactivity provision of ch. 47, §§ 1–2, SLA 1988, the present statute governs all prisoners who were incarcerated on or after September 13, 1987, regardless of when they committed their crimes. Tarbell, however, was released from custody on December 30, 1986, so the present statute does not apply to him.

From January 1986 until September 1987, the former version of AS 33.20.040(c) embodied the opposite rule: probation commenced only after mandatory parole had been completed. *See* ch. 88, §§ 3–4, 10, SLA 1985. However, Tarbell's offense was committed before the legislature enacted this earlier version of AS 33.20.040(c), so the former statute does not apply to him either.

Because Tarbell committed his crimes before the legislature regulated the relationship between probation and parole, I concur in the majority's conclusion that the sentencing court was free to structure the relationship between Tarbell's probation and his potential parole release as the court saw fit. The question then becomes: What did the sentencing judge intend when he ordered that Tarbell's probation would expire "five years following [Tarbell's] release from incarceration"?

If this provision of Tarbell's judgement is read literally, Tarbell's probation would be triggered by his release on mandatory parole. Under the same reading, Tarbell's probation might have been triggered even earlier if he had been released on discretionary parole under AS 33.16.100 or on furlough under AS 33.30.101–131. One may doubt that the judge who sentenced Tarbell envisioned these possibilities and structured Tarbell's probation to take account of them. However, when the interpretation of a criminal judgement is disputed, this court's duty is to select, from among reasonable constructions of the judgement, the construction most favorable to Tarbell.

In this case, the reasonable construction most favorable to Tarbell is that his probation began on the day following his release from prison on parole. This being so, Tarbell's probation supervision ended on December 30, 1991—thus ending the Department of Corrections' authority to search Tarbell's residence without a warrant.