# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 8, 2023

Lyle W. Cayce
Clerk

———————

No. 21-60950

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Detrick Doyle,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:15-CR-151-1

———————————————————————

Before Richman, *Chief Judge*, and Southwick and Oldham, *Circuit Judges*.

Per Curiam:[*]

Detrick Doyle challenges the revocation of his supervised release, arguing that the district court violated a number of his statutory and constitutional rights during four informal show-cause hearings. But because the exhibits and testimony presented at the formal revocation hearing provided sufficient evidence from which the district court could conclude

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-60950

Doyle violated the conditions of his supervision, any errors during the show-cause hearings were harmless.  We therefore affirm.

**I**

Doyle pleaded guilty to aiding and abetting the theft of firearms from a federally licensed firearms dealer in violation of 18 U.S.C. §§ 922(u) and 924(i)(1).  The district court sentenced him to five years of probation and ordered him to pay $13,940.11 in restitution, with interest.

During Doyle's second year on probation, the district court conducted a show-cause hearing that was attended by Doyle, Doyle's mother, an Assistant United States Attorney, and two probation officers.  The court noted that Doyle had not made a restitution payment in several months and that he was $1,300 in arrears.  The court warned Doyle that his probation officer could move to revoke Doyle's probation if he failed to comply with the conditions of his probation and the court's orders.

Two months after that show-cause hearing, the probation officer moved to revoke Doyle's probation.  The district court granted the motion and sentenced Doyle to nine months of imprisonment and three years of supervised release.  Ten months later, after Doyle had served that term of imprisonment, the district court revoked Doyle's supervised release and sentenced him to an additional nine months of imprisonment and eighteen months of supervised release.  Doyle did not appeal these revocation judgments.

Over the following two years, the district court conducted three more show-cause hearings, all of which were attended by Doyle, two probation officers, and an Assistant United States Attorney.

At the first of these hearings, the district court suggested that Doyle reside at a halfway house and "earn a good income" in order to pay

restitution before his supervision ended.  The court asked Doyle if he would be "willing to modify the terms" of his supervised release and report to a halfway house.  Doyle responded, "Anything to keep from getting incarcerated, Your Honor."  A week later, Doyle's probation officer moved to modify Doyle's conditions of supervision, alleging that Doyle had (1) used a controlled substance and (2) failed to provide financial documentation. The petition proposed that Doyle reside at a halfway house for six months and pay 70% of his income toward restitution.  Doyle waived his rights to a hearing and to assistance of counsel and agreed to the proposed modification. The district court granted the petition.

At the second of these show-cause hearings, the court questioned Doyle about his employment while at the halfway house.  The district court ordered Doyle to continue contributing 70% of his income toward restitution while he was living at the halfway house; submit monthly cashflow statements to probation; and appear for an additional show-cause hearing unless he complied with the district court's orders and the conditions of his supervision.  Doyle finished his time at the halfway house in March 2021, and he informed his probation officer that he could pay $300 per month toward his restitution.

At the last of these show-cause hearings, the district court again focused on Doyle's restitution obligation, explaining that he was $450 in arrears.  The court ordered Doyle to pay the $450 and continue to pay $300 per month toward restitution.

Two months after the last show-cause hearing, Doyle's probation officer moved to revoke Doyle's supervised release.  The amended petition for revocation alleged four violations: (1) use of a controlled substance, (2) failure to provide financial documentation, (3) failure to pay restitution, and (4) failure to follow instructions from the probation officer.

No. 21-60950

The district court held a formal revocation hearing and appointed counsel pursuant to Federal Rule of Criminal Procedure 32.1(b)(2). Doyle denied the alleged violations. The Government called as witnesses two of Doyle's probation officers, who testified about Doyle's positive urinalysis report, his failure to complete and submit the required financial documentation, his failure to pay restitution, and his failure to follow the officers' instructions. The Government introduced Doyle's incomplete cashflow statements, as well as Doyle's positive urinalysis report, which was signed by Doyle and stated, "I admit use of a controlled substance as indicated by the above-reported urine test result."

After hearing the testimony and evidence, the district court revoked Doyle's supervised release and sentenced him to six months of imprisonment and twelve months of supervised release. Doyle timely appealed the order of revocation.

## II

"We review a decision to revoke probation for abuse of discretion, but we review issues of constitutional law de novo."[1] "A district court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that a condition of release has been violated."[2] We apply the harmless-error rule to revocation judgments, disregarding "[a]ny error,

---

[1] *United States v. Locke*, 482 F.3d 764, 766 (5th Cir. 2007) (first citing *United States v. King*, 990 F.2d 190, 193 (5th Cir. 1993); and then citing *United States v. Grandlund*, 71 F.3d 507, 509 (5th Cir. 1995)); *see also United States v. Brigham*, 569 F.3d 220, 231-32 (5th Cir. 2009) ("While revocation decisions are reviewed for abuse of discretion, the legal and constitutional bases of the challenges thereto are reviewed *de novo*.").

[2] *United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995); *see* 18 U.S.C. § 3583(e)(3) (providing that release may be revoked if the court finds that "the defendant violated *a* condition of supervised release" (emphasis added)).

defect, irregularity, or variance that does not affect substantial rights."[3] "Where there is an adequate basis for the district court's discretionary action of revoking probation, the reviewing court need not decide a claim of error as to other grounds that had been advanced as a cause for revocation."[4]

First, Doyle argues that the show-cause hearings violated his statutory and constitutional rights. Regardless of what occurred at the show-cause hearings, the testimony and evidence presented at the formal revocation hearing justified the district court's ultimate revocation judgment. The proof of Doyle's failure to submit financial documentation, the positive urinalysis report, and the probation officers' testimony together provide sufficient evidence from which the district court could conclude that Doyle violated the conditions of his supervised release. "[E]ven if there were deficiencies in the show-cause hearings, such errors were harmless with respect to the court's ultimate decision to revoke [Doyle's] supervised release."[5]

Second, Doyle raises procedural and substantive challenges to the modifications made to the conditions of his supervision before this revocation judgment. Doyle did not appeal those modifications, and they have since lapsed. "[T]here is nothing for us to remedy;"[6] we decline to address these challenges.

---

[3] FED. R. CRIM. P. 52(a); *see United States v. Jimison*, 825 F.3d 260, 262 (5th Cir. 2016); *United States v. Minnitt*, 617 F.3d 327, 332 (5th Cir. 2010); *United States v. English*, 400 F.3d 273, 276 (5th Cir. 2005).

[4] *United States v. Turner*, 741 F.2d 696, 698 (5th Cir. 1984); *see also McCormick*, 54 F.3d at 219 (extending *Turner* to review of supervised release revocation).

[5] *See United States v. Sensing*, No. 21-60662, 2023 WL 167201, at *2 (5th Cir. Jan. 12, 2023) (unpublished) (per curiam).

[6] *See Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

No. 21-60950

Last, Doyle argues that the district court erred by failing to rule on his request to waive restitution interest. Because Doyle's request to waive interest was part of his motion to dismiss the amended petition for revocation, the district court's denial of his motion to dismiss also denied that request. The district court did not fail to rule on his request.

\* \* \*

For the foregoing reasons, we AFFIRM the district court's order revoking Doyle's supervised release.