**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gilbert L. DOZIER, Defendant-Appellant.**

**No. 82–3419.**

United States Court of Appeals,
Fifth Circuit.

June 23, 1983.

Rehearing and Rehearing En Banc
Denied Aug. 11, 1983.

---

Boren, Holthaus & Perez, James E. Boren, Baton Rouge, La., Thomas B. Rutter, Philadelphia, Pa., for defendant-appellant.

Stanford O. Bardwell, Jr., U.S. Atty., Stan Lemelle, Asst. U.S. Atty., O.E. Jack Roberts, Baton Rouge, La., for plaintiff-appellee.

Before GARZA, RANDALL and GARWOOD, Circuit Judges.

GARZA, Circuit Judge:

On January 30, 1980, Gilbert Dozier was charged, in a five count indictment, with violations of the Hobbs Act and the Racketeer Influenced and Corrupt Organizations Act. On September 23, 1980, a guilty verdict was returned on counts one, two, three and five of the indictment. On count one Dozier was sentenced to five years imprisonment and fined $25,000. On count two he was given five years imprisonment to be served consecutively to the sentence imposed on count one. On count three the court suspended imposition of a sentence of imprisonment and placed Dozier on five years probation "to commence upon his re-

lease from prison." And on count five the court suspended the imposition of a sentence. Execution of the entire sentence was suspended pending appeal, and Dozier remained free on bail.

On April 8, 1982, an opinion was rendered by this court affirming Dozier's conviction. On May 27, 1982, the government filed a motion to revoke the appeal bond and to revoke the probation of the defendant, an arrest warrant was issued and executed, and Dozier was held without bond. On June 4, 1982, the mandate was issued by this court; and on June 5, 1982, a stay order was issued by the United States Supreme Court. On June 8, a supplemental and amended motion to revoke probation was filed. On June 9, 1982, the Supreme Court entered an order vacating the June 5 stay. A probation revocation hearing was conducted from June 21 through June 24, 1982, and on June 24, 1982, the district court revoked Dozier's probation. The court imposed a prison term of eight years under count three of the original indictment to be served consecutively to the two other prison terms and specified that the defendant was to serve a minimum of eighteen months on count three before parole eligibility. On count five a suspended ten year term of imprisonment was imposed, and the defendant was placed on probation for a period of five years to commence upon the defendant's release from prison.

The motion to revoke probation charged Dozier with violations of 18 U.S.C. §§ 1341, 1342, 1502 and 1503. In brief the facts supporting the charges are as follows: Dozier solicited Huey P. Martin to influence, by any means necessary, members of the petit jury in Dozier's trial to write and mail letters to the trial court claiming jury misconduct; Martin, in turn, solicited the help of George Davis in accomplishing this task;[1] Davis and Martin reached a financial agreement with Dozier for carrying out this scheme in which Martin and Davis would equally share $50,000 a year for five years; Dozier supplied Martin and Davis with a list of jurors; one of the jurors was subsequently contacted; and the juror wrote the desired letter.

 Dozier argues that the district court erred in revoking the sentence of probation given for his conviction on count three of the indictment.[2] He argues that the trial court does not have the power to revoke a defendant's probation before the defendant has commenced service of the term of probation. We disagree. This court has held on several occasions that a trial court may revoke a term of probation before the defendant begins service of the term of probation. *United States v. Cartwright,* 696 F.2d 344, 347–349 (5th Cir. 1983); *United States v. Tucker,* 524 F.2d 77, 78 (5th Cir.1975), *cert. denied,* 424 U.S. 966, 96 S.Ct. 1462, 47 L.Ed.2d 733 (1976); *United States v. Ross,* 503 F.2d 940, 941 (5th Cir. 1974).

Dozier also contends the trial judge abused his discretion by denying the defendant's request for recusation. The defendant points to four separate incidents which he claims· require recusal. First, Agent Phipps told the trial judge that Dozier had solicited the assistance of Martin to get jurors to write letters stating that there had been jury misconduct. According to

---

1. After being contacted by Martin, Davis contacted Agent Phipps of the F.B.I. Agent Phipps in turn contacted the trial judge. From this time forward, Davis kept Agent Phipps informed of Dozier and Martin's activities. Reciprocally, Phipps kept the district court informed concerning the progress of the investigation.

2. At oral arguments a question arose concerning the status of the appeal of this case when the probation revocation hearing was held. The court asked the parties to file supplemental briefs on the question of whether, assuming the mandate of this court had been stayed by the United States Supreme Court, the district court had jurisdiction to revoke Dozier's probation. The record reveals, however, the stay granted by the Supreme Court was vacated before the hearing. Since the district court reacquires jurisdiction of a case when the mandate is issued, *United States v. Cook,* 592 F.2d 877, 880 (5th Cir.), *cert. denied,* 442 U.S. 921, 99 S.Ct. 2847, 61 L.Ed.2d 289 (1979), the district court regained jurisdiction when the stay was vacated. The district court, therefore, had jurisdiction when the hearing was held.

Phipps, Judge Polozola advised him that Dozier's case was still on appeal before the Fifth Circuit and instructed him to preclude contact with the trial jurors. Second, on April 21, 1982, Phipps contacted the trial judge and advised him that a confidential informant (Davis) was under "considerable pressure" and requested the judge's permission to bring the investigation to a logical conclusion. The judge authorized Agent Phipps to continue the investigation and contact a juror. Third, Rev. Jimison of Baton Rouge had a meeting with the judge in connection with an unrelated matter and also discussed one of the juror's remarks to him concerning possible jury misconduct. Fourth, the juror eventually solicited contacted the judge to see if it was permissible for her to talk with Agent Phipps. The judge told her she could, but did not have to, talk with Phipps.

█ The statutory provisions impose a reasonable man standard for determining whether a judge should recuse himself. *Parliament Insurance Company v. Hanson,* 676 F.2d 1069, 1075 (5th Cir.1982). Applying this standard, we see no impropriety in the trial judge's failure to recuse himself. Dozier was free on bond when the information complained of was related to the judge, and the information, at least to some extent, was relevant to the district court's supervision of that bond. Furthermore, and most importantly, we can see no prejudice or bias which the trial judge developed as a result of this information.

█ Next, Dozier contends that the government engaged in such outrageous conduct that the lower court erred in finding a violation of probation and in revoking probation. After thoroughly reviewing the record and the applicable law, we find this contention to be totally without merit.

█ Finally, Dozier contends that the district court erred in finding he had committed the crimes of conspiracy and attempted burglary. All that is required for the revocation of probation is enough evidence to satisfy the district judge that the conduct of probationer has not met the conditions of probation. *United States v. MacKenzie,* 601 F.2d 221, 222 (5th Cir.1979), *cert. denied,* 444 U.S. 1018, 100 S.Ct. 673, 62 L.Ed.2d 649 (1980). Since Dozier's solicitation of Martin to contact jurors serves as an adequate basis for the discretionary action of the district court, it is unnecessary for us to decide this claim of error advanced by the defendant. *United States v. Brown,* 656 F.2d 1204, 1207 (5th Cir.1981), *cert. denied,* 454 U.S. 1156, 102 S.Ct. 1029, 71 L.Ed.2d 313 (1982).

Finding no reversible error, the revocation of probation is affirmed.

AFFIRMED.

GARWOOD, Circuit Judge, concurring:

I join in all of Judge Garza's excellent opinion for the Court, and append these remarks only to express my concern over the implications of the revocation of probation for conduct occurring before the event from which the commencement of the specified five-year duration of the probation is measured, where the conduct takes place after the sentencing at which the probation is imposed and the "fraud at sentencing" concept is not involved. My concern is grounded on the provision of 18 U.S.C. § 3651 that "[t]he period of probation, together with any extension thereof, shall not exceed five years." At the very least this would appear to mean that five years is the maximum length of any period during which the conduct of a probationer may subject him to revocation of the probation (as opposed to resentencing for fraud at sentencing). Surely the quoted provision of section 3651 prevents a sentence imposing a period of probation which is *expressly* stated to *commence the day of sentencing* and to thereafter continue either for six years after sentencing or for five years after the occurrence of some ascertainable future time or event, such as the probationer's completion of a given number of hours of public service or the like. Yet virtually the same result is achieved *de facto* in a case like that at bar, where the sentence imposes probation for a period commencing with a future event (release from prison) and end-

ing five years after that event, and revocation is based not on "fraud at sentencing" but solely on conduct occurring before commencement of the stated five-year probation period and after the sentencing. Our prior decisions, cited in Judge Garza's opinion, sanction such a result. However, they are principally focused on the issue of revocation for conduct prior to the commencement of the probationary period, *whatever* its stated (or effective) duration, rather than on the issue posed by the effective lengthening of the probation period beyond the statutory five-year maximum. Nevertheless, these decisions are binding on this panel, and I accordingly concur in Judge Garza's opinion on this issue, as well as on the other matters presented by the instant appeal.