**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joseph James WRIGHT, Jr.,
Defendant-Appellant.**

No. 84–2137.

United States Court of Appeals,
Fifth Circuit.

Oct. 12, 1984.

Joe D. Anderson, Bellaire, Tex. (Court-appointed), for defendant-appellant.

Daniel K. Hedges, U.S. Atty., Susan L. Yarbrough, James R. Gough, Asst. U.S.

Attys., Houston, Tex., for plaintiff-appellee.

Before BROWN, TATE and HIGGINBOTHAM, Circuit Judges.

TATE, Circuit Judge:

The defendant Wright appeals from the revocation of his probation. The issue before us concerns whether, under the circumstances shown, the district court was authorized to revoke the probation for a violation of a probation condition that had occurred before the probationary period had commenced. The probationary sentence was imposed on a second count and was made consecutive to a sentence of imprisonment on a first count. Wright was on parole from the sentence on the first count at the time of his violation.

We reverse, finding that, once Wright had commenced serving the prior sentence, the district court had no authority to revoke the probation on the second count for a violation that had occurred before the probationary sentence commenced. The violation of his *parole* condition, while on parole from the sentence of imprisonment on the first count, may have been a ground for a revocation of this *parole;* but it was not, additionally, a ground to revoke the probation on the second count's sentence, which had not yet commenced.

## I.

In 1978 Wright was convicted, after trial without a jury, of both counts of a two-count indictment. He was sentenced to five years imprisonment on Count 1. On Count 2, which was specifically provided "to run consecutive to the sentence as to Count 1," Wright was sentenced to five years, "execution of which suspended and the defendant to be placed on probation, with strict supervision, for a period of Five Years." The conviction and sentences were affirmed by this court in 1979 in an unpublished opinion (No. 78–5582).

Wright began serving his prison sentence on Count 1 on June 4, 1980. He was released from prison on parole from this sentence on May 3, 1982. The parole supervision termination date for this Count 1 sentence is June 1, 1985. While on parole, Wright committed a state offense in 1983 and was sentenced by the state court on September 15, 1983, to three years' imprisonment in the state penitentiary.

A condition of Wright's probationary term which had not yet commenced at the time of his state offense, was that he would "during the period of probation ... refrain from violation of any law (federal, state, and local)." Based upon the 1983 state offense being a violation of the probation conditions, the federal probation officer initiated in 1983 the present revocation proceedings. Following a hearing, the federal district court revoked Wright's probation and imposed a three-year prison sentence on Count 2, "to run consecutive to the remaining sentence imposed as to Count One."

## II.

We should at this point note the distinction between a probationary sentence (which is imposed by a court) and a parole to an eligible federal prisoner serving a previously-imposed term of imprisonment (which is granted by an executive agency).

The former is regulated by 18 U.S.C. §§ 3651–56. These statutory provisions authorize a trial judge to suspend the imposition or execution of a sentence and to place the defendant upon probation, subject to supervision by judicially appointed probation officers. They also authorize the arrest of a defendant and revocation or modification of probation for violations of the conditions of probation that had been provided by the sentencing court, and provide the judicial procedure to do so. "Federal judicial power to permit probation springs solely from legislative action," and a federal court's action with regard thereto "must be governed by the meaning of the statute." *Affronti v. United States*, 350 U.S. 79, 82–83, 76 S.Ct. 171, 173–74, 100

L.Ed. 62 (1955). Thus, federal courts have no inherent power or authority concerning probation, and their authority with regard thereto is only as conferred by statute.

On the other hand, 18 U.S.C. §§ 4201–18 creates the United States Parole Commission, an executive agency, and authorizes it to grant or deny paroles to eligible federal prisoners, to impose reasonable conditions on an order granting parole, and to modify or revoke an order paroling any eligible prisoner (including a statutory administrative procedure to be followed in so doing).

In *Affronti v. United States, supra,* the Supreme Court held that, within the Congressional intent, the probation statute should not be "appl[ied] in such a way as to unnecessarily overlap the parole and executive-clemency provisions of the law," 350 U.S. at 83, 76 S.Ct. at 173–74, and should be interpreted in such a way as "to avoid interference with the parole and clemency powers of the Executive Branch," 350 U.S. at 83, 76 S.Ct. at 174. *See also United States v. Murray,* 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309 (1928). (As will be seen, the ruling on the issue in *Affronti, supra,* is dispositive of the issue before us.)

We finally note that, with regard to the conditions of a *parole,* the parole statute provides, inter alia, that "[i]n every case, the Commission shall impose as a condition of parole that the parolee not commit another Federal, State, or local crime." 18 U.S.C. § 4209(a). Thus, in the present case, Wright's parole from his sentence of five years' imprisonment on Count 1 was subject to revocation because of his 1983

state-law offense while on parole from this sentence.[1] As previously noted, the district court had imposed a similar condition of probation against engaging in illegal conduct "during the period of probation," when it sentenced Wright to a probationary term on Count 2, to be consecutive to the sentence on Count 1. It is thus the government's position, upheld by the district court in revoking Wright's probation, that the identical illegal conduct in 1983, while Wright was on parole from his sentence on Count 1, could serve both to revoke the parole under Count 1 and also to revoke the probation on Count 2, even though this probationary term had not yet commenced.

## III.

The district court revoked Wright's probation in reliance upon to-be-cited jurisprudence of this circuit. The court rejected Wright's contention that it had no authority to do so under the terms of the probation statute, which in terms provides that "[t]he period of probation, together with any extension thereof, shall not exceed five years," 18 U.S.C. § 3651, and that probation revocation proceedings may be instituted "[a]t any time within the probation period," either by arrest for cause, or by "warrant for his arrest for violation of probation occurring during the probation period," 18 U.S.C. § 3653.[2]

Despite the apparent semantic accuracy of Wright's construction of the probation statute, the district court found, on the authority of *United States v. Ross,* 503

---

1. The record reflects: Wright is presently serving a three-year sentence on his state charge in the state penitentiary. A federal parole violator's warrant will be lodged as a detainer with state authorities, and Wright will be brought into federal custody following completion of his state sentence. A parole revocation hearing will be scheduled shortly thereafter. The federal probation officer estimated, based on Parole Commission guidelines and practices, that Wright would serve a minimum of between sixteen and twenty-two months in prison upon revocation of his parole from his sentence on Count 1.

Under the federal district court's order revoking the probation as to the sentence on Count 2,

Wright would then, following completion of his sentence on Count 1, commence serving his newly imposed three-year sentence on Count 2.

2. Wright points out that, by the district court's exercise of its probation revocation powers under the statute, he was subject to revocation of his probation on Count 2, not only during its stated term of 1985–1990, but also for any violation of its conditions that occurred during the prior sentence of 1980–1985 on Count 1. If used as a cause of revocation of his 1985–1990 probation, then, the 1983 misconduct, at a minimum, extended his probation period to eight years, in the face of the statutory prohibition against its exceeding a five year period.

F.2d 940, 942–43 (5th Cir.1974) and its progeny, that the scope of its power to revoke probation was not so limited and that it was within its discretion "to revoke probation for a defendant's offense committed before the sentence commences; an immediate return to criminal activity is more reprehensible than one which occurs at a later date." *Ross, supra*, 503 F.2d at 943.

It is true that *Ross* and its progeny have, despite the express wording of the probation statute upon which Wright relies, carved out an exception permitting the sentencing court to revoke the probation of a defendant, even though he has not yet begun to serve his probationary sentence, when he commits an illegal act.[3] However, in all of these decisions, the illegal act committed occurred prior to the commencement of service by the defendant of any sentence imposed at the time the probationary sentence was imposed. As Judge Garwood noted in his thoughtful concurring opinion in *United States v. Dozier*, 707 F.2d 862, 865 at 866 (5th Cir.1983), the latest of the *Ross* progeny, these decisions were "principally focused on the issue of revocation for conduct prior to the commencement of the probationary period beyond the statutory five-year maximum." (Emphasis his.)

No decision of this circuit has held that it is within the discretion of a sentencing court to revoke probation, for an act committed prior to the probationary period, for an act committed while a convicted person is on parole from another sentence before his consecutive probationary term commences. Such a holding, indeed, would be contrary to the ruling of the Supreme Court in *Affronti, supra*.

In *Affronti*, as in the present case, the issue concerned the sentencing court's probation powers with regard to a "wholly unexecuted" consecutive sentence that constituted an "unserved" term of "a series of consecutive sentences." 350 U.S. at 81, 76 S.Ct. at 173. The issue was whether, after the defendant commenced serving one of the sentences, the district court retained the power under the probation statute to suspend a previously imposed consecutive sentence and to substitute probation for it. The Court held that the sentencing judge was not granted statutory authority "to suspend the uncommenced terms of a cumulative sentence after the prisoner has been imprisoned and entered upon the execution of a prior term." 350 U.S. at 83, 76 S.Ct. at 171. The Court concluded that the district court's "probationary power ceases with respect to all of the sentences composing a single cumulative sentence immediately upon imprisonment for any part of the cumulative sentence." 350 U.S. at 83, 76 S.Ct. at 174.

The issue in *Affronti* was, it is true, the converse of the present one—presently, whether a court that has imposed a probationary sentence consecutive to another sentence has the power to revoke the probation for a violation of a condition that occurs before the probationary term commences. Nevertheless, the Court's rationale for denying the sentencing court's authority to take probation action with regard to the consecutive sentence is equally controlling.

The Court found that the Congressional intent inhibits application of the probation provisions "in such a way as to unnecessarily overlap the parole and executive-clemency provisions of the law," 350 U.S. at 83, 76 S.Ct. at 173–74—and, here, overlap certain-

---

3. *See, e.g., United States v. Dozier*, 707 F.2d 862 (5th Cir.1983) (defendant solicited efforts to influence jurors while on an appeal bond; construed as a fraud on the court); *United States v. Ross*, 503 F.2d 940, 942–43 (5th Cir.1974) (defendant was arrested on state charges on the day of federal sentencing; court did not have accurate information at the time of sentencing); *United States v. Cartwright*, 696 F.2d 344, 347–49 (5th Cir.1983) (impliedly limits *Ross* to its facts); *United States v. Tucker*, 524 F.2d 77, 78 (5th Cir.1975), *cert. denied*, 424 U.S. 966, 96 S.Ct. 1462, 47 L.Ed.2d 733 (1976) (relies on *Ross* to revoke probation for lottery activities during pendency of appeal on a firearms conviction); *Cline v. United States*, 116 F.2d 275, 276 (5th Cir.1940) (probation revoked when narcotics found on defendant as he was being transported to the penitentiary).

ly occurs if the probation statute is interpreted so as to permit the same pre-probation violation to serve as cause both to revoke the parole on a prior sentence and also to revoke the uncommenced probation on a consecutive sentence. Further, the Court noted that the probationary powers of the sentencing court were entirely as conferred by statute and that the *Affronti* district court's attempted exercise of its probationary powers could not be upheld because not "clearly given" under the statute, 350 U.S. at 83, 76 S.Ct. at 174—and, here, the probation statute is not only silent as to, but in terms negates, the sentencing court's power to extend the probationary term beyond five years and to revoke a probation for the violation of a condition before the probationary period commences.

■ Under the rationale of *Affronti*, therefore, the district court was without power, once the defendant commenced service of the first of cumulative sentences, to grant or to revoke probation as to a consecutive sentence, even though it had not yet commenced. The revocation of Wright's probation must be reversed. Save for the power under Fed.R.Crim.P. 35 of a district court to modify a sentence within 120 days after it is imposed or affirmed on appeal, the sentencing judge's power to modify the sentence ends after it is imposed and the prisoner commences service under it. *United States v. Addonizio*, 442 U.S. 178, 189 & n. 16, 99 S.Ct. 2235, 2242 & n. 16, 68 L.Ed.2d 805 (1979).

■ If our circuit decisions (*see* note 3, *supra*) were correctly decided, then, they stand for a limited exception to the application of the literal wording of the probation statute: where the defendant receives a probationary sentence, it may be revoked because of an illegal act committed prior to its commencement only when the defendant has not commenced actual service of any sentence cumulatively imposed. The apparent rationale for this exception is in the nature of a "fraud at sentencing" concept, whereby—*before* the defendant commences service of any sentence imposed—

the district court learns of a fact known to the defendant, but previously unknown to the court, that would have altered the court's sentencing decision. *Ross, supra,* 503 F.2d at 943; *Dozier, supra,* 707 F.2d at 865–66 (concurring opinion of Garwood, J.).

*Conclusion*

For the reasons assigned, therefore, we REVERSE the district court's order revoking his probation on the sentence imposed as to Count II.

REVERSED.