779 F.2d 53
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
vs.
WAYNE ALLEN ANDERSON, Defendant-Appellant.
 85-5220
 United States Court of Appeals, Sixth Circuit.
 10/25/85
 
 AFFIRMED
 E.D.Ky.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY
 Before: LIVELY and CONTIE, Circuit Judges; and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Wayne Anderson appeals from an order of the district court revoking his probation pursuant to 18 U.S.C. Sec. 3653 on a sentence imposed in April 1980. Anderson argues that the district court lacked jurisdiction to revoke his probation at a time when he was not on probation. For the reasons the follow, we affirm.
 
 I.
 
 2
 On May 21, 1979, Anderson was convicted in the United States District Court for the Southern District of Ohio of interstate transportation of falsely made and forged securities pursuant to 18 U.S.C. Sec. 2314. Anderson was sentenced to five years in prison and began serving this sentence at the Federal Correctional Institute in Ashland, Kentucky.
 
 
 3
 On March 10, 1980, Anderson was indicted on charges of escape and theft, and, on April 29, 1980, pleaded guilty to the escape charge in return for which the theft charge was dismissed. The United States District Court for the Eastern District of Kentucky sentenced Anderson to eighteen months, six months to be served consecutive to his sentence under the 1979 conviction and twelve months suspended with Anderson to be placed on probation for three years 'on release from custody'.
 
 
 4
 In January 1982, Anderson violated his parole and, on May 11, 1982, was returned to federal custody. On October 14, 1982, Anderson was placed in a halfway house in Cincinnati (Talbot House) and scheduled to be reparoled on December 13, 1983. However, on November 17, 1982, Anderson escaped that facility. On January 7, 1983, Anderson turned himself in, and, on March 25, 1983, pled guilty to an escape charge, subsequently being sentenced by the district court for the Southern District of Ohio to serve one year consecutive to the sentence he was presently serving.
 
 
 5
 Anderson was returned to the Federal Correctional Institute in Ashland to serve his sentence until April 3, 1984 when Anderson was placed in the Talbot House in Cincinnati. On April 3, 1984, Anderson again escaped that facility, and on August 24, Anderson turned himself in at El Paso, Texas. On October 15, 1984, Anderson pled guilty to an escape charge and was sentenced to three years to run consecutively to the 1983 sentence.
 
 
 6
 On July 21, 1981, Anderson began serving his six-month sentence imposed pursuant to the 1980 conviction. William Wilcox, supervisor of the Eastern District of Kentucky Probation Office, testified that on November 27, 1981, Anderson was released from actual confinement to parole supervision and that Anderson's probation period of three years began at that time.
 
 
 7
 On December 7, 1981, Anderson executed a form entitled 'Conditions of Probation' which expressly declares 'probation to begin upon release from custody'. A specific condition of Anderson's release was that he not violate any state, local, or federal laws. Execution of the 'Conditions of Probation' form was witnessed by a Jeanne D. Lewis who was the case manager for Anderson during December 1981. Anderson testified that Lewis represented to him that his probation was to commence at the end of his custody, custody meaning 'the end of [his] parole'.
 
 
 8
 On January 4, 1985, a petition for probation action was filed in the United States District Court for the Eastern District of Kentucky pursuant to 18 U.S.C. Sec. 3653 asking the court to issue a probation violation warrant for Anderson for alleged violations of his probation based upon the 1983 and 1984 escape convictions. On January 14, 1985, a hearing was held. Wilcox testified that upon Anderson's release from confinement on November 27, 1981, he was paroled from the 1979 sentence, and, since Anderson had completed serving his six months on the 1980 sentence, his probation began to run as well. According to Wilcox, Anderson was under both parole and probationary supervision when he was released. Wilcox further testified that when a person is under both probation and parole supervision, that person is carried on parole supervision with the probationary supervision being inactive. ilcox explained that the probationary supervision is considerred inactive for administrative reasons as the supervision under both probation and parole is exactly the same. On March 5, 1985, the district court found that Anderson had violated the terms and conditions of probation and ?? Anderson returned to federal custody and remanded to the ?? of the Attorney General for a period of twelve months ?? to the sentence he had been serving. The district court ?? that it had the power to revoke Anderson's probation regardless ?? whether Anderson's term of probation had begun.
 
 II.
 
 9
 18 U.S.C. Sec. 3651 provides in pertinent part that '[t]he ?? may revoke or modify any condition of probation, or may change ?? period of probation.' 18 U.S.C. Sec. 3653 provides in pertinent part:
 
 
 10
 At any time within the probation period, the probation officer may for cause arrest the probationer wherever found, without a warant. At any time within the probation period, or within the maximum probation period permitted by section 3651 of this title, the court for the district in which the probationer is being supervised or if he is no longer under supervision, the court for the district in which he was last under supervision, may issue a warrant for his arrest for violation of probation occurring during the probation period. . . .
 
 
 11
 As speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdictin over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.
 
 
 12
 (Emphasis added). It is clear that 'federal courts have no inherent ?? authority concerning probation, and their authority with ?? is only as conferred by statute.' United States v. Wright, 744 F.2d 1127, 1129 (5th Cir. 1984); Affronti v. United States, 350 U.S. 79, 83 (1955).[1]
 
 
 13
 Anderson's claim for relief in this case rests on both factual and legal predicates. First, Anderson contends that his probation period never commenced. Second, Anderson contends that the district court had no power to revoke his period of probation prior to its commencement. See Wright, supra. Since we find that Anderson has failed to establish the factual predicate supporting his assignment of error, it is unnecessary to address his second contention.
 
 
 14
 Anderson argues that the 1980 judgment and his 'Conditions of Probation' specified that the probation was to begin on 'release from custody,' and that he was never released from 'custody' because he continued to serve the 1979 sentence either in prison or on parole. Therefore, the term of probation never commenced.
 
 
 15
 In determining when a term of probation commences, '[t]he controlling consideration is the intention of the Court imposing the sentence, to be found in the language employed to create the probationary status.' Sanford v. King, 136 F. 2d 106, 108 (5th Cir. 1943). While we recognize that '[w]here there is any ambiguity, the prisoner is entitled to have the language in the prouncement construed most favorable to him,' Gaddis v. United States, 280 F.2d 334, 336 (6th Cir. 1960), this rule does not sanction imposing an unreasonable ?? upon the language of the sentencing court. From the ?? of the order of judgment, it is reasonable to infer that ?? sentencing court intended the 'custody' referred to therein to ?? to the six months of custody imposed under that judgment. Accordingly, it is clear that Anderson's period of probation commenced upon his release from custody under the six-month sentence of 1980, and that the district court had the power to revoke the probation.
 
 
 16
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 While the district court, of course, has broad discretion to revoke probation, Burns v. United States, 278 U.S. 216, 222-23 (1932), Anderson alleges no abuse of discretion in this case. Anderson likewise alleges no constitutional violation. See Tiitsman v. Black, 536 F.2d 678 (6th Cir. 1976) (probation revoked where habeas petitioner was on probation)