993 F.2d 1548
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Matthew J. MYERS, Defendant-Appellant.
 No. 92-1900.
 United States Court of Appeals, Sixth Circuit.
 May 14, 1993.
 
 Before NELSON and BATCHELDER, Circuit Judges, and BECKWITH, District Judge.*
 DAVID A. NELSON, Circuit Judge.
 
 
 1
 The question presented in this appeal is whether the district court had jurisdiction to revoke the defendant's probation and impose a new sentence of imprisonment because of conduct that occurred while the defendant was on parole, prior to the commencement of his probationary term. Concluding that the district court did not have such jurisdiction under the statutes that were in force at the time in question, we shall reverse the order of revocation and the sentence of imprisonment.
 
 
 2
 * On July 27, 1987, defendant Matthew J. Myers pleaded guilty to a three-count information charging him with a violation of the Racketeer Influenced and Corrupt Organizations Act, conspiracy to defraud the United States, and income tax evasion. He was sentenced to imprisonment for ten years on the first count and a concurrent five year term of imprisonment on the second count, to be followed by probation for five years on the third count. Mr. Myers began serving his sentence on October 12, 1987.
 
 
 3
 The ten year sentence was subsequently reduced to five years, and on December 30, 1990, Mr. Myers was released on parole. Nine months later, while still on parole, he tested positive for Phenobarbital, a drug he was not authorized to use. A search of his home then revealed a cache of twelve guns. The United States Parole Commission subsequently revoked Mr. Myers' parole and ordered that he complete his sentence.
 
 
 4
 The Parole Commission was not alone in taking an interest in Mr. Myers' activities. In February of 1992, at the request of a probation officer, the sentencing court issued an order directing him to show cause why his probation should not be revoked. Mr. Myers moved to vacate the order on the ground that because he was not yet serving his probation, the court lacked jurisdiction to revoke it. After a hearing the district court denied the motion to vacate. A subsequent probation violation hearing culminated in the revocation of probation and imposition of a four year term of imprisonment. Mr. Myers perfected a timely appeal, and he has been released on bond pending resolution of the appeal.
 
 II
 
 5
 Probation and parole are similar mechanisms the use of which has been committed to different branches of the national government. Power to grant or revoke probation has been vested by statute in the courts, while power to grant or revoke parole has been vested in the executive branch.
 
 
 6
 The interplay between probation and parole can raise separation of powers concerns. In United States v. Murray, 275 U.S. 347 (1928), such concerns led the Supreme Court to observe that it was unlikely that Congress intended that the Probation Act of 1925 could be invoked with respect to an individual at the same time the parole power was being exercised as to him. "This and other considerations led the Court to hold that a district judge had no power under the Act to place a convict on probation after he had begun the execution of his sentence." Affronti v. United States, 350 U.S. 79, 81 (1955). The Affronti Court extended the Murray holding, concluding that the probationary power ceases immediately upon imprisonment for any part of a cumulative sentence. See Affronti, 350 U.S. at 83.[1]
 
 
 7
 The statute that is relevant in the case at bar is 18 U.S.C. § 3653 (1982) (repealed 1984).[2] Section 3653 provided as follows:
 
 
 8
 "At any time within the probation period, the probation officer may for cause arrest the probationer wherever found, without a warrant. At any time within the probation period, or within the maximum probation period permitted by section 3651 of this title, the court ... may issue a warrant for his arrest for violation of probation occurring during the probation period.... Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed." (Emphasis added.)
 
 
 9
 The authority conferred by this statute extended only to a time frame "within" the probation period. If Congress had intended to authorize revocation of probation on the basis of conduct occurring at any time before the probation period ended, it would have been easy enough to say so--witness 18 U.S.C. § 3565, where Congress has now said precisely that. Although some courts have read the new statute as merely confirming what Congress intended all along, we find it difficult to reconcile this analysis with what Congress actually said in the earlier statute. There Congress spoke of a "time within the probation period"--and "within," in our lexicon, does not mean "within or without."
 
 
 10
 The Court of Appeals for the Fifth Circuit addressed the scope of the probation revocation power in United States v. Wright, 744 F.2d 1127 (5th Cir.1984). In that case the defendant was on parole when he violated a state criminal statute. His probationary term had not yet begun. It was to be a condition of probation that Wright would refrain from violating any federal, state, or local law. Following a hearing, the district court revoked Wright's probation because of his commission of the state offense, and the court imposed a three year prison sentence. Citing Affronti, the Fifth Circuit observed that "overlap certainly occurs if the probation statute is interpreted so as to permit the same pre-probation violation to serve as cause both to revoke the parole on a prior sentence and also to revoke the uncommenced probation on a consecutive sentence." Wright, 744 F.2d at 1130-31. The court went on to hold that once the defendant commenced service of the first of his cumulative sentences, the district court was without power to grant or to revoke probation as to a consecutive sentence that had not yet commenced.
 
 
 11
 In the case at bar the government advocates a position similar to one it took in United States v. Camarata, 828 F.2d 974 (3d Cir.1987), cert. denied, 484 U.S. 1069 (1988). There the government argued
 
 
 12
 "that a sentencing court may revoke a yet-to-be-commenced probationary term for an event that occurs during the prison term that is being served. In the normal course of events, if a serious crime is committed by a prisoner, the prisoner is faced with separate criminal charges for that crime. If the crime is less serious or amounts only to an infraction of the prison's rules, the prisoner would be subject to disciplinary proceedings within the prison system. There is no danger that a prisoner will not be punished for wrongdoing if punishment is merited.
 
 
 13
 Under the statutory interpretation [advanced by the government and accepted by the panel's majority], however, if, for example, a sentencing court learns of a minor infraction committed while the prisoner was incarcerated, the sentencing court can revoke probation, even if the prison authorities have determined that the incident is too minor for punishment.
 
 
 14
 The exercise of such a power raises again the concerns that Affronti expressed about a sentencing court's familiarity with a prisoner.... It is in this area that the prerogatives of the judicial and the executive branches come into serious conflict." ( Camarata, 828 F.2d at 987 (Garth, J., dissenting.))
 
 
 15
 The same dangers of conflict and overlap are presented in the instant case, where Mr. Myers was on parole at the time of his offense. He was thus under the jurisdiction of the United States Parole Commission, an executive branch agency. He could have been--and in fact was--punished for his infraction by being incarcerated for the remainder of his parole term. He could also have been, although he was not, punished for his infraction by being prosecuted for his illegal possession of firearms. There is no danger that Mr. Myers could not be held accountable for his actions if the sentencing court lacked power to revoke his probation.
 
 
 16
 Had the Parole Commission decided not to take action against Mr. Myers, the government's theory would mean that the district court, which is probably not in as good a position as the Commission to assess the defendant's activities, could have revoked his probation anyway. This possibility clearly implicates the separation of powers concerns addressed by Affronti.
 
 
 17
 It is true, as the district court pointed out in a scholarly and well written opinion filed on June 23, 1992, that a number of other courts have held that probation could be revoked, under the prior law, for acts performed before the beginning of the probationary term. The decisions are collected at page 76 of the joint appendix. Although most of these cases are distinguishable on their facts from United States v. Wright, 744 F.2d 1127, supra--a case that appears to be virtually on all fours with the case at bar--we agree with the district court that the logic of Wright is difficult to reconcile with the logic of some of the cases that have gone the other way. But the latter decisions, insofar as they do not depend on the fraud-on-the-court doctrine at least, are difficult to reconcile with the plain language of the statute and with the concerns that the statutory language appeared to reflect. Wright is right, in our view, and to the extent that the cases cited by the district court are inconsistent with Wright and inconsistent with the statute, we think they are wrong.
 
 
 18
 We do not believe that the district court had jurisdiction to revoke Mr. Myers' probation because of his conduct while on parole before the commencement of his probationary term. It follows from this that the district court did not have jurisdiction to sentence Mr. Myers to a term of incarceration based on the probation violation.
 
 
 19
 REVERSED.
 
 
 
 *
 The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 The Court noted that it reached this result in part by considering the "practicalities of sentencing."
 "At the time of entering a judgment of conviction, the district judge is in the best position to fix the terms of a convict's sentence. Thereafter, however, the judge becomes progressively less familiar with the considerations material to the adjustment of the punishment to fit the criminal. At the same time, the officials of the Executive Branch responsible for these matters become progressively better qualified to make the proper adjustments." Affronti, 350 U.S. at 83 n. 13.
 
 
 [2]
 The Comprehensive Crime Control Act of 1984, 18 U.S.C. § 3565, now authorizes the revocation of probation for pre-probation conduct, as well as for conduct during the term of probation. Section 3653 controls here, however, because the defendant's criminal acts occurred prior to November 1, 1987, the effective date of the United States Sentencing Guidelines. See United States v. James, 848 F.2d 160, 162 n. 2 (11th Cir.1988). The new statute is not before us in this case, and we express no opinion as to whether it raises any problems of its own