UNITED STATES of America

v.

Manfred DEREWAL, Appellant.

No. 95–1142.

United States Court of Appeals, Third Circuit.

Argued Aug. 2, 1995.

Decided Sept. 15, 1995.

Sur Petition for Rehearing Oct. 16, 1995.

Stephen Robert LaCheen, George E. Goldstein (argued), Philadelphia, PA, for appellant.

Robert A. Kauffman (argued), Office of United States Attorney, Philadelphia, PA, for appellee.

Before: MANSMANN, HUTCHINSON and ROTH, Circuit Judges.

## OPINION OF THE COURT

MANSMANN, Circuit Judge.

In this appeal from the district court's order revoking Manfred DeRewal's probation, we address chiefly DeRewal's primary contention regarding the tension between the power of the judiciary to act on probation matters and the executive branch's power governing parole since DeRewal was on parole when the district court revoked DeRewal's probation that had not yet begun. This is an issue we specifically reserved in *United States v. Camarata*, 828 F.2d 974 (3d Cir. 1987), *cert. denied*, 484 U.S. 1069, 108 S.Ct. 1036, 98 L.Ed.2d 1000 (1988).

We hold that the district court properly exercised its jurisdiction in revoking DeRewal's probation for pre-probation conduct occurring during a period of parole. Such judicial action regarding probation does not disturb the executive branch's authority to control DeRewal's parole.

DeRewal also contends that the conditions of his probation were modified without a hearing as required by Federal Rule of Criminal Procedure 32.1(b), that the district court erred in refusing to grant him access to the probation officer's entire file, and that there was insufficient evidence for the district court to find a violation of probation. We have considered each of the allegations of error and, finding them to be without substance, we will affirm the order of the district court.

### I.

In March, 1988, Manfred DeRewal was charged with conspiracy to import P2P, importation of P2P, and attempting to import P2P into the United States from Costa Rica in violation of 21 U.S.C.A. §§ 952(a), 960(a)(1), 963 (West 1981) and 18 U.S.C.A. § 2 (West 1969). Following conviction, DeRewal was sentenced to 10 years of imprisonment followed by a ten year term of special parole. A five year probationary term was to run consecutively to the term of special parole.[1]

On December 17, 1992, DeRewal was released from prison on parole, parole to run until October 18, 1998. The term of special parole would then run from 1998 until 2008, when the probationary period would begin.

On September 7, 1994, the United States Probation Department filed a Violation of Probation Petition against DeRewal, alleging that he had violated those three conditions of probation which required him (1) to answer truthfully inquiries from and follow the instructions of his probation officer; (2) to refrain from associating with those engaged in criminal activity or convicted of a felony; and (3) to refrain from violating any law.

DeRewal's motion to dismiss the petition for lack of jurisdiction was dismissed and a hearing was held on the merits of the Probation Department's Petition. DeRewal filed a motion seeking to review his probation file in its entirety. Following the district court's denial of this motion, the government presented the testimony of DeRewal's neighbor who had overheard telephone conversations as a result of an illegal splice into her telephone line. Testimony was also given by telephone employees, DeRewal's probation officer, and FBI agents.

At the conclusion of the testimony, the district court found that DeRewal had violated the terms of his probation and sentenced him to 36 months imprisonment. This timely appeal followed in which we confront the issue of judicial power to alter probation during a pre-probation period of parole which is governed by the authority of the executive branch.

### II.

In *Affronti v. United States*, 350 U.S. 79, 76 S.Ct. 171, 100 L.Ed. 62 (1955), the Supreme Court confronted the question of whether a district court has authority to place a defendant on probation once he has begun to serve the first in a series of consec-

---

1. DeRewal's direct appeal from the judgment of conviction and sentence was affirmed on October 12, 1989. DeRewal then filed a petition pursuant to 28 U.S.C. § 2255 raising ineffective assistance of counsel and other claims. The district court denied the petition. On appeal, we affirmed in part, reversed in part, and remanded the matter to the district court. *See United States v. DeRewal*, 10 F.3d 100 (3d Cir.1993) (holding that a defendant is not required to show "cause and prejudice" with respect to his failure to raise ineffective assistance of counsel on direct appeal).

utive sentences. The Court cautioned that statutory authority *to grant probation* should not be "applied in such a way as to necessarily overlap the parole and executive clemency provisions of the law" and should be interpreted "to avoid interference with the parole and clemency powers of the Executive Board." *Affronti*, 350 U.S. at 83, 76 S.Ct. at 174. The Court then concluded, utilizing broad language, that "the probationary power ceases with respect to all of the sentences composing a single cumulative sentence immediately upon imprisonment for any part of the cumulative sentence." *Id.*

In *United States v. Williams*, 15 F.3d 1356, 1357 (6th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 431, 130 L.Ed.2d 344 (1994), the Court of Appeals for the Sixth Circuit concluded that "a district court does have authority to revoke probation for pre-probation conduct, including the pre-probation conduct of a paroled convict." On facts substantially identical to those presented here, our sister court of appeals noted that 18 U.S.C. § 3651, applicable to offenses committed prior to November 1, 1988, unambiguously provides that

> [t]he court may revoke or modify any condition of probation, or may change the period of probation.

The court then considered whether a district court's revocation of probation based upon conduct committed while a defendant was on parole would raise a separation of powers concern. Finding that no such concern was implicated, the court analyzed *Affronti*:

> In *Affronti*, the Supreme Court held that once a convict has begun serving a custodial sentence, a court may not modify a subsequent custodial sentence into a probational sentence. The Supreme Court reasoned that such authority would interfere with the executive's power to make decisions concerning parole and executive clemency.

*United States v. Williams*, 15 F.3d at 1362. The court emphasized that where parole is *revoked*, the logic of *Affronti* breaks down.

> Where a convict's pre-probation conduct prompts a court to revoke a sentence of probation ... the court does not modify an existing custodial sentence. Rather, the court effectively converts a probationary sentence into a custodial sentence. The possibility that a probationary sentence would be converted into a custodial sentence is inherent in the very notion of probation. Furthermore, the conversion of a probationary sentence into a custodial sentence still leaves the executive free to administer the converted sentence.... Further, judicial authority to revoke probation for pre-probation conduct seems especially unlikely to disrupt the balance of power in cases such as this in which agents of the executive have requested the court to revoke probation.

*Id.* at 1363–64.

■ We conclude, as did the court in *Williams*, that neither the statute granting the district court authority to revoke or modify a period of probation nor the Supreme Court decision in *Affronti* suggests that it was error for the district court to revoke DeRewal's probation. Because "the authority to revoke probation for pre-probation conduct does not concentrate power in the judiciary so as to disrupt the balance of power amongst the legislative, executive, and judicial branches," the rule announced in *Affronti* is not undermined. *Id.* The district court's revocation of probation does not interfere with the ability of the executive branch to alter DeRewal's parole. The power to act under this factual scenario is not exclusively vested in the executive branch; parole and probation are mutually exclusive, respectively controlled by the executive branch and the judiciary.

We note that DeRewal's assertion that the district court lacked jurisdiction to entertain a Petition for Violation of Probation where DeRewal was on parole when his probationary term was not to commence until the year 2008 finds support in the decision of the Court of Appeals for the Fifth Circuit in *United States v. Wright*, 744 F.2d 1127 (5th Cir.1984). There, on facts very similar to those now before us, the court held that the district court has no authority to revoke probation for conduct committed during a period of parole where the defendant has been sentenced in the same case to a consecutive term of probation.

Although dealing with different facts,[2] Chief Judge Sloviter, the writer of the lead opinion for the court in *Camarata* was critical of *Wright,* and supportive of the *Williams* approach. Rejecting Camarata's arguments based on *Wright* and *Affronti,* she found *Affronti* to be of limited application:

[In *Affronti,*] the Court stated that it was "concerned with the power to *grant* supervision of [unexecuted] sentences." It framed the question as to whether it should "read the statute to mean that courts should be able to *suspend* the uncommenced terms of a cumulative sentence after the prisoner has been imprisoned and entered upon the execution of a prior term?" and answered in the negative. *Affronti* did not deal with the district court's power to revoke probation. As Judge Pollak, the district judge in this case, explained, "to revoke probation is not to pose the difficulties of overlap which conflicted with the parole and clemency authorities" since "[r]evoking a probationary term which follows a term of incarceration does not stop the parole authorities from making such adjustments of the term of incarceration as they think appropriate."

828 F.2d at 979 (citations omitted). We agree with her analysis.

We here state our agreement with the analysis of the Court of Appeals for the Sixth Circuit in *Williams* where, on analogous facts, it concluded that *Affronti* was misapplied in *United States v. Wright* and should not be read to prohibit the district court from revoking probation based on pre-probationary conduct.

### III.

■ Having resolved that there was no jurisdictional impediment to the district court's action, we turn next to DeRewal's argument that the conditions of his probation were amended in violation of Fed.R.Crim.P. 32.1(b). The Conditions of Probation Nos. 2 and 6 on the Judgment and Commitment Order specified that DeRewal was to "(2)

associate only with law-abiding persons and maintain reasonable hours; ... [and] (6) follow the probation officer's instructions and report as directed," but the form that his probation officer required him to sign stated that "you shall not associate with any persons engaged in criminal activity, and shall not associate with any persons convicted of a felony unless granted permission to do so by the probation officer." DeRewal was found to have violated the latter condition. He objects that the different wording on the probation form made the applicable condition much more onerous and "added an entirely different class of person with whom DeRewal was not allowed to associate."

We believe that the distinction between these two conditions is insignificant. Any violation of the second version would certainly have contravened the first version as well. We also agree with the district court that the difference in the language of the two sections "is not a modification or enlargement of the conditions of a sentence of probation under ... Fed.R.Crim.P. 32.1(b). The change in the description of the condition clarified the condition but did not make a substantive change." *United States v. DeRewal,* No. 88–00098–01, slip op. at 5–6, 1995 WL 54919 (E.D.Pa. Feb. 9, 1995).

### IV.

■ Federal Rule of Criminal Procedure 32.1(a)(2)(B) provides that, at a revocation hearing, a defendant is entitled to "disclosure of the evidence against him." The caselaw is in accord. *See, e.g., United States v. Guardino,* 972 F.2d 682, 689 (6th Cir.1992). Neither the rule nor the caselaw can reasonably be read, however, to require automatic production of a probation officer's entire file, even where the officer is a witness. The record before us establishes that DeRewal was provided with relevant documents from the file and was further protected by the district court's in camera review. We conclude that the district court did not err in refusing to order the production of the probation officer's entire file.

---

**2.** Following conviction on several counts of a federal indictment, Camarata was sentenced to imprisonment and a consecutive term of probation. Prior to completion of the term of imprisonment, Camarata committed additional crimes. The district court relied upon these crimes in revoking probation.

## V.

Lastly, we address DeRewal's contention that the evidence adduced at the revocation hearing was insufficient to establish a violation of probation. "In order to revoke probation, it is necessary 'only that the court be reasonably satisfied that [the probationer] has violated one of the conditions of his probation.'" *United States v. Barnhart,* 980 F.2d 219, 223 (3d Cir.1992) (quoting *United States v. Manuszak,* 532 F.2d 311, 317 (3d Cir.1976)). Having reviewed the record before us, we are satisfied that the evidence fully supports the district court's exercise of its discretion in revoking DeRewal's probation for the reasons set forth in its February 7, 1995 Memorandum and Order.

## VI.

We will affirm the district court's order of February 7, 1995 revoking DeRewal's probation and sentencing him to three years imprisonment.

Present: SLOVITER, Chief Judge, BECKER, STAPLETON, MANSMANN, GREENBERG, SCIRICA, COWEN, NYGAARD, ALITO, ROTH, LEWIS, McKEE and SAROKIN, Circuit Judges.

### SUR PETITION FOR REHEARING

Oct. 16, 1995

The petition for rehearing filed by appellant in the above entitled case having been submitted to the judges who participated in the decision of this court and to all other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in banc, the petition for rehearing is denied.