NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————————

No. 12-2316
———————————

UNITED STATES OF AMERICA

v.

DANIEL CASTELLI,

Appellant

———————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 2-92-00132-06)
District Judge: Honorable J. Curtis Joyner

———————————

Submitted Under Third Circuit LAR 34.1(a)
November 19, 2013

Before:  AMBRO and SMITH, Circuit Judges,
and O'CONNOR,[*] Associate Justice (Ret.)

(Opinion filed: January 7, 2014)

———————————

OPINION
———————————

---

[*] Honorable Sandra Day O'Connor, Associate Justice (Retired), Supreme Court of the
United States, sitting by designation.

AMBRO, Circuit Judge

Appellant Daniel Castelli was charged with violating the terms of his supervised release. In preparation for his revocation hearing, Castelli made various discovery requests, all of which were denied. The District Court sentenced Castelli to two years' imprisonment, to be followed by a new term of supervised release. He appeals, contending that the Court's denial of his discovery requests violated his right to due process, and that its sentence violated the Ex Post Facto Clause of the Constitution.

## I.    Background

In September 1992, Castelli pled guilty to one count of conspiracy to possess "P2P" with intent to manufacture methamphetamine, in violation of 21 U.S.C. § 846. The District Court sentenced Castelli to 240 months' imprisonment, ten years of supervised release, and a $10,000 criminal fine. He completed his custodial sentence and, on September 18, 2009, began serving his term of supervised release. In December 2011, the Probation Office filed a Violation of Supervised Release ("VOSR") petition, contending that Castelli had violated his release conditions by: A) committing a new drug offense (trafficking oxycodone); B) failing to make payments toward his fine; C) failing to report for drug testing and failing to submit monthly supervision reports; D) submitting multiple drug-positive urine specimens; and E) associating with convicted felons. The Probation Office filed an amended violation of supervised release petition alleging two additional violations – F) that Castelli was arrested for possessing two "baggies" of crack cocaine, and G) that he had submitted additional drug-positive urine specimens. The

2

District Court scheduled a hearing. In preparation for it, Castelli filed several motions for discovery. As noted, all were denied.

At the conclusion of that hearing, the District Court found that Castelli had violated the conditions of his supervised release by engaging in drug trafficking, as charged in section A of the VOSR petition; failing to report for drug testing, as charged in section C of the petition; failing several drug tests, as charged in section D of the petition and section G of the amended petition; associating with felons, as charged in section E of the petition; and possessing crack cocaine, as charged in section F of the amended petition. The Court revoked Castelli's existing term of supervised release, and sentenced him to a custodial term of 24 months to be followed by a seven-year term of supervised release.

Castelli filed a motion under Federal Rule of Criminal Procedure 35(a) alleging that the District Court's order that he serve a seven-year term of supervised release after completing his custodial sentence violated the Ex Post Facto Clause of the Constitution. The District Court denied the motion, and Castelli appeals. He reasserts his Ex Post Facto Clause argument, and also contends that his due process rights were violated because he did not receive adequate discovery during the revocation proceedings.[1]

## II.     Discussion

We review the District Court's ruling on a discovery motion for abuse of discretion. *See United States v. Liebert*, 519 F.2d 542, 547 (3d Cir. 1973). We exercise plenary review over the District Court's determination that its imposition of a seven-year

---

[1] We have jurisdiction over this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

3

term of supervised release to follow the 24-month term of reimprisonment did not violate the Ex Post Facto Clause. *See United States v. Brady*, 88 F.3d 225, 227 (3d Cir. 1996).

A.      Discovery Motions

Revocation of supervised release proceedings are subject to only "minimum requirements of due process." *United States v. Maloney*, 513 F.3d 350, 356 (3d Cir. 2008) (internal quotation omitted). With respect to discovery, due process and Federal Rule of Criminal Procedure 32.1 (which governs revocation of supervised release proceedings) require only that a defendant receive "disclosure of the evidence against him." *United States v. Derewal*, 66 F.3d 52, 55 (3d Cir. 1995); *see also* Fed. R. Crim. P. 32.1(b)(2)(B).

Here, the Government fully disclosed to Castelli the evidence it intended to use against him at the revocation hearing. Sections A and E of the VOSR petition charged Castelli with trafficking oxycodone and associating with felons. With regard to these sections, the Government provided Castelli with recordings and summaries of his intercepted telephone calls, copies of wiretap applications, copies of relevant surveillance reports, and copies of oxycodone prescription records. It also relied on the testimony of Agent Christopher Galletti of the Pennsylvania Attorney General's Office. Because Agent Galletti was unavailable on the hearing date, the Government introduced Galletti's previously videotaped deposition, in which Castelli and his counsel had participated. Violations C and D of the VOSR petition and violation G of the amended petition charged Castelli with failing to report for certain drug tests and testing positive during other drug tests. The violation petitions informed Castelli of the dates of both the missed

4

and positive tests. Additionally, Probation Officer Carmen Vasquez-Ongay, who testified at the hearing, gave Castelli – on the morning of the hearing – a log of test results and a copy of the positive test reports. Castelli and his counsel had the opportunity to examine these documents during the Court's lunch recess, after which Officer Vasquez-Ongay resumed her testimony. Violation F of the amended VOSR petition related to Castelli's arrest for possession of crack cocaine. Prior to the hearing, the Government provided him with a copy of the arrest report prepared by the arresting officer, Michael Policella. At the hearing, Officer Policella testified consistently with that report. Thus, the record shows that, in accord with Rule 32.1(b)(2), the Government timely provided Castelli with all the evidence against him relating to the alleged violations of supervised release.

Castelli argues that he was entitled to "[r]eview the U.S. Probation Office's file, receive a copy of his Pre-Sentence Investigation Report . . ., and a more timely production of the Drug Test Results being used against him." Appellant's Br. at 17. He has, however, failed to identify any part of the Probation Office's file that he was not permitted to examine in time to defend adequately against the violation petition. Insofar as he contends that he was entitled to review the entire Probation Office file, this argument is contradicted by case law. *See Derewal*, 66 F.2d at 55 (nothing "require[s] automatic production of a probation officer's entire file, even where the officer is a witness").

Castelli, relying on Federal Rule of Criminal Procedure 32(e)(3), next argues that he was entitled to production of the presentence report that was prepared for his 1993

sentencing. As an initial matter, Rule 32 applies only to sentencing following a conviction by a verdict or plea, not to sentencing in connection with revocation proceedings. Unavailing is Castelli's argument that he sought the presentence report "so as to assess the legal basis for [his underlying] conviction as well as the possible consequences of sentencing at the Revocation Hearing." Appellant's Br. at 15. The validity of Castelli's initial conviction, which had been final for nearly twenty years, was not at issue in the revocation proceedings. Similarly, Castelli did not need to review the presentence report to learn the classification of his initial offense and his criminal history category because, as the District Court correctly noted, it could take judicial notice of that information. *See* Supp. App. 2. Finally, though Castelli did not receive the Drug Test Results until the day of the hearing, nothing in the record indicates that the documents were lengthy or complex. Castelli and his counsel had over an hour to review the documents prior to cross-examining Probation Officer Vasquez-Ongay, and at no time during the proceeding did Castelli complain that this was insufficient time. Accordingly, the District Court did not abuse its discretion in denying Castelli's motions for discovery.

Even if the District Court had erred in denying the discovery motions, Castelli is not entitled to relief on appeal. He cannot establish that he was prejudiced by the District Court's order, especially in light of his own admission at the hearing that he had violated various conditions of his supervised release. *See* App. at 52-53; *see also United States v. Davis*, 397 F.3d 173, 178 (3d Cir. 2005) (prejudice that must be shown to justify reversal for a discovery violation is a likelihood that verdict would have been different had Government complied with discovery rules).

6

Ex Post Facto Clause

Castelli next argues that the District Court sentence violates the Ex Post Facto Clause of the Constitution.  U.S. CONST. art. 1, § 9, cl. 3 ("No . . . ex post facto Law shall be passed").  When determining whether a violation of the Ex Post Facto Clause occurred, we consider whether a current law is more punitive than one in effect on the date of the offense.  *See, e.g., Peugh v. United States*, 133 S. Ct. 2072, 2081 (2013).  Though Castelli's brief is less than clear, the violation he seems to be identifying is the District Court's imposition of  a second, seven-year term of supervised release after Castelli's 24-month reincarceration for violating the conditions of his first term of supervised release.  At the time Castelli committed his prior offense, former Section 3583(e) of Title 18 governed the penalties available on revocation of a supervised release term.  That section authorized a district court to

> revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if [the court] finds by a preponderance of the evidence that the person violated a condition of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure that are applicable to probation revocation and to the provisions of applicable policy statements issued by the Sentencing Commission, except that a person whose term is revoked under this paragraph may not be required to serve more than 3 years in prison if the offense for which the person was convicted was a Class B felony, or more than 2 years in prison if the offense was a Class C or D felony.

The section was amended in 1994 to add a new subsection expressly permitting a district court to impose an additional term of supervised release after revoking the prior term of supervised release and sentencing a defendant to imprisonment:

> Supervised release following revocation. – When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court

7

may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h).

Castelli's argument appears to be that, by revoking his supervised release and sentencing him to imprisonment followed by an additional term of supervised release, the District Court relied on 18 U.S.C. § 3583(h), a subsection that was enacted after Castelli's initial offense and sentencing. Accordingly, he contends that the District Court's sentence violates the Ex Post Facto Clause. This argument is foreclosed by *Johnson v. United States*, 529 U.S. 694 (2000). There the Supreme Court specifically held that the version of 18 U.S.C. § 3583(e) in effect at the time of Castelli's sentencing permitted a district court to impose a new term of supervised release after revocation and imprisonment for violating an initial term of supervised release. *Id.* at 712-13. Thus, Castelli's argument that the District Court's sentence implicates ex post facto concerns fails.

For these reasons, we affirm.

8